CHARLES H. LOCKE v. NOAH D. FARLEY ET AL.

*Waiver of objection to irregular affidavit of debt.*

Where a defendant, without being misled, allows an irregular affidavit of indebtedness, involving no question of jurisdiction, to be introduced without objection, he cannot, after the proofs are closed, object for the first time that it proves nothing, even if it would have been error to receive it in his absence or against seasonable objection.

Error to Wayne.    Submitted June 20.    Decided July 3.

ASSUMPSIT.    Defendant brings error.

*Moore & Moore* for plaintiff in error.    An affidavit in attachment must be made on the day the writ is issued, *Drew v. Dequindre*, 2 Doug. (Mich.), 93; *Greenvault v. Bank*, id., 502; *Galloway v. Holmes*, 1 id., 550; *Wilson v. Arnold*, 5 Mich., 98; *Fessenden v. Hill*, 6 Mich., 242; *McHugh v. Butler*, 38 Mich.

*E. Y. Swift* and *Otto Kirchner* for defendants in error. Defects in affidavits in attachment are waived by allowing them to be read without objection, *Baker v. Dubois*, 32 Mich., 92.

GRAVES, J.    Defendants in error recovered judgment before a justice and the circuit court affirmed it on certiorari, and a reversal of both judgments is now sought

on writ of error. The action was brought on an account for goods alleged to have been sold and delivered to Locke by the defendants in error as a partnership under the name of Farley, Hawey & Co.

The summons was issued August 11th, and had attached to it a copy of the account in question, with an affidavit of one of the defendants in error that it was "a true account of the indebtedness of C. H. Locke of Detroit, Michigan, to said firm." It was sworn on the 9th of August in the State of Massachusetts where the firm carry on business.

Both parties appeared by attorney, and joined issue on oral pleadings. It is objected that no proof was given of the partnership of defendants in error. This is not sustained by the record. There was evidence tending to prove the partnership, and we have no concern with the weight due to it.

It is next objected that no proof of indebtedness was given. A few words of explanation are necessary. The attorney for defendants in error assuming probably that the account and affidavit which accompanied the summons not having been met by counter affidavit would be admitted as a sufficient *prima facie* showing under the statute (Comp. L., § 5954), offered them in evidence accordingly. The attorney for the plaintiff in error made no objection whatever, and they were read in evidence and regularly incorporated as matter of proof on the part of the defendants in error. The latter rested and the plaintiff in error offering no testimony, the evidence was closed. Thereupon the plaintiff in error raised the point that no sufficient proof of indebtedness had been given.

The affidavit which accompanied the summons was not in compliance with the statute, and had it been seasonably and properly objected to, the reception of it would have been error. So too it would have been error in the court to have received it if the plaintiff in error had not appeared. But as the party was present by

counsel and withheld all objection and allowed the paper to be made evidence, we think he waived all right to object for the first time after the proof was closed. His silence was a virtual acquiescence in the act of defendants in error in putting the paper in evidence to prove the indebtedness and in the act of the court in receiving it for the same purpose.

There is nothing which suggests that he was misled or that he desired to recall his original determination not to object. So far as appears he was content to have the case closed subject to his final complaint that the affidavit proved nothing.

No question of jurisdiction was involved as in the case of an affidavit for attachment which is defective in substance. There the validity of the writ depends on the validity of the affidavit. Here the question was whether an affidavit made to be used as evidence in the cause under a statute allowing evidence to be given by affidavit, could be made evidence in case of its admission therefor without objection, though materially variant from the requirement of the statute. The point is plain. The case is within settled principles and the ruling was correct. *Perrott v. Shearer,* 17 Mich., 48; *Jencks v. Smith,* 1 Comst., 90; *Evans v. Hettich,* 7 Wheat., 453.

The judgment should be affirmed with costs.

The other Justices concurred.