ARTHUR B. O'HARA v. JAMES MERNAN AND CERTAIN SHINGLES OWNED BY HOVEY & McCRACKEN.

*Certiorari—Rulings on admissibility of testimony.*

We have taken occasion heretofore to discourage the practice of resorting to *certiorari* as a remedy for errors occurring in the rejection or admission of testimony, and when resorted to nothing will be taken by intendment in favor of errors thus assigned. *Howell v. Shepard,* 48 Mich. 474.

Error to Muskegon. (Dickerman, J.) Argued January 9, 1890. Decided January 17, 1890.

Attachment proceedings under labor-lien law. Defendant shingle owners bring error. Affirmed, with $25 damages for vexatious appeal. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin* and *H. L. Delano,* for appellants.

*DeLong & O'Hara,* for plaintiff.

MORSE, J. The plaintiff commenced suit in justice's court against James Mernan as principal defendant, and certain shingles, by attachment, under section 10, Act No. 229, Laws of 1887. Mernan appeared and pleaded the general issue. Hovey & McCracken, who were not made parties to the suit, also appeared and made application to defend as owners of part of the shingles seized under the writ of attachment, which application was granted. The plaintiff, upon trial before the justice, recovered judgment for the full amount of his claim, to wit, $49.50, and costs of suit. The defendants Hovey & McCracken removed the case to the circuit court for the county of Muskegon by writ of *certiorari,* in which court the judgment was affirmed. The same defendants come into this Court on writ of error.

The errors alleged in the affidavit for the writ of *certiorari* were these:

*First.* That there was no evidence introduced showing that a statement of lien was filed in the office of the county clerk where said services were claimed to have been performed. This objection is almost too frivolous to be noticed. A certified copy of the statement of lien was put in evidence. In the copy was also given statements of two other liens filed by other parties, and it is contended that the certificate of the county clerk is such that it does not appear therefrom that it applies to plaint-

iff's statement. The body of the certificate is as follows:

"I, John Tait, clerk of said county, and of the circuit court thereof, do hereby certify that the annexed and foregoing are true copies of statements of lien of Arthur B. O'Hara vs. James Mernan and certain shingles, filed in my office, Dec. 17, 1888, and Thomas Murray vs. James Mernan and certain shingles, and Andrew Doyle vs. James Mernan and certain shingles, both filed in my office Dec. 18, 1888, and of the whole of said original files and records, as compared by me."

Further comment is unnecessary.

*Second.* Because the justice sustained the objection of plaintiff's counsel to the following questions propounded to plaintiff on cross-examination by defendants' counsel:

"*Q.* Then, if it were not for the so-called arrangement that you claim was made that your board, amounting to fourteen dollars, was paid by reason of Hitchcock & Mernan owing for the amount you speak of, then there would only be due you the sum of thirty-six and 55-100 dollars from James Mernan?

"*Q.* If it had not been that at the time you quit work at this mill, where you claim to have knot-sawed from November 15 to December 11, there was due you for wages from Hitchcock & Mernan for work and labor claimed to have been performed for them from September 24 to October 15, there would only have been due you from James Mernan, at the time you commenced this suit, the sum that you have testified to, viz., forty-nine and 50-100 dollars, less this fourteen dollars, would there?"

The defendant James Mernan and the shingle owners offered no testimony, but, at the conclusion of plaintiff's case, the defendants Hovey & McCracken moved to dismiss the proceeding as far as their shingles were affected; which motion was denied. The plaintiff testified upon his direct examination that he was in the employ of James Mernan from November 15 to December 11, 1888, as a knot-sawyer, in the manufacture of the shingles, in all 22 days, at $2.25 per day. On cross-examination he was asked if he was not to recive $2.25 per day, less his

board, to which he replied: "No, sir; I was to receive $2.25 per day." He was then asked if, prior to the work for which he was claiming pay, his board was not deducted out of his pay, to which he answered:

"It was taken out of my envelope, with my consent. I should have all after I had receipted for my full pay."

It appeared that he first commenced work for the firm of Hitchcock & Mernan, being employed by Mr. Mernan, September 24, 1888, at this same mill. While working there he boarded at the mill boarding-house. He was paid but once, and, as the boarding-house was run by the firm for whom he worked, the amount of it was taken out of his envelope on pay-day. He testified that while he worked for Mernan he also boarded at the mill boarding-house, which he supposed was carried on by the same party who was running the mill; that he had not paid his board, amounting to $14. He testified that there was an arrangement that this board should be paid by Hitchcock & Mernan, as they were owing him on work done for them. This board matter, and the testimony as to the arrangement for its payment, was drawn out on cross-examination. Upon this showing, the questions above quoted were asked, objected to as immaterial and irrelevant, and ruled out.

The plea of all the defendants was the general issue, and there was no notice of set-off or any other defense given under it. It was probably sought by these questions to show that the contract of hiring was that plaintiff's wages were to be $2.25 per day, less the price of his board, as no other defense could be asserted under the pleadings. This the plaintiff denied. It is objected that the questions called for the conclusion of the witness, and not for any fact. This objection is hardly tenable in the case of this witness, who was the

plaintiff, and ought to have known how much Mernan owed him as a matter of fact. But suppose the questions had been both allowed, and the plaintiff had answered, "Yes," would the result of the case have been any different? We think not. Mernan agreed to pay $2.25 per day to plaintiff without reference to board, but plaintiff boarded at the mill boarding-house, presumably kept by Mernan, and was owing for his board. Mernan, in case he had made the defense, could not have been adjudged to owe plaintiff more than the value of his work at the contract price, less the offset of the board. But no defense was made, and the fact that plaintiff had received board from Mernan was obtained from plaintiff himself, and connected with the fact, as stated by plaintiff, that he had arranged for its payment without reference to his wages, and in another way.

We cannot presume error, especially on *certiorari*. We are not inclined to speculate as to what further defense or evidence might have been offered by defendants to show that there was no such arrangement as claimed by plaintiff, if the questions had been permitted and the answers in the affirmative. It was open to the defendants, as the case stood, to show by testimony that the contract of hiring was that the board should be deducted, but nothing of the kind was attempted.

We have taken occasion heretofore to discourage the practice of resorting to *certiorari* as a remedy for errors occurring in the rejection or admission of testimony. In this case, if the defendants considered themselves wronged they should have appealed. In *certiorari* nothing will be taken by intendment in favor of errors thus assigned. *Howell v. Shepard*, 48 Mich. 474.

The judgment is affirmed, with costs of both courts, and, as we consider this a vexatious appeal from the

circuit court, we shall add the sum of $25 to plaintiff's costs as damages therefor.

The other Justices concurred.