FORBES LITHOGRAPH MANUFACTURING CO. *v.* WINTER.

1. AFFIDAVIT OF ACCOUNT—SUFFICIENCY.

Under 2 How. Stat. § 7525, providing that an affidavit of the amount due on an account may be made by the plaintiff " or some one in his behalf," an affidavit stating that the affiant is the treasurer of the plaintiff corporation sufficiently shows his authority.

2. Justices of the Peace—Certiorari.

> On *certiorari* to a justice, only those allegations of error will be considered that are affirmatively supported by the return.

3. Same—Rulings on Admission of Evidence.

> An objection that a justice of the peace erred in permitting a plaintiff to introduce in evidence an affidavit of account, for the reason that no preliminary service entitling him to make use of it had been made, cannot be raised for the first time on *certiorari*, although the defendant did not appear in the suit before the justice.

Error to Wayne; Hosmer, J. Submitted October 25, 1895. Decided November 19, 1895.

*Assumpsit* by the Forbes Lithograph Manufacturing Company against James R. Winter and Warren C. Baker upon an account for goods sold. Plaintiff had judgment in justice's court, and defendants removed the proceedings to the circuit by *certiorari*, where the justice's judgment was reversed. Plaintiff brings error. Reversed, and the judgment of the justice affirmed.

*Bowen, Douglas & Whiting,* for appellant.

*Turner, Turner & Crawford,* for appellees.

Montgomery, J. The proceeding in the circuit court was by a *certiorari* to a justice of the peace. The errors assigned in the affidavit for *certiorari* were: *First,* that the docket of the justice shows that the plaintiff did not appear within one hour after the hour of return named in the summons; *second,* because the affidavit of account introduced in evidence was not sufficient in form, and was not served in a manner entitling it to be read in evidence.

An answer to the first point is that the docket entry is not returned, and the fact averred in the affidavit for *certiorari* is not made to appear.

As to the second point, it is apparent that the justice obtained jurisdiction of the defendants, so that the ques-

tion involved is whether there was error in receiving the testimony offered by plaintiff to make out its case; or the question may be still further narrowed, as we think the point that the affidavit is void, for the alleged reason that the authority of the affiant to make the same did not appear, is without force. The affidavit stated that the affiant was the treasurer of the company. We think this sufficiently showed his authority. The question, therefore, narrows itself down to this: Whether, in the absence of an appearance or objection, an affidavit in form sufficient being introduced to sustain plaintiff's claim, the defendant can for the first time raise the question by *certiorari* that the preliminary service entitling the plaintiff to make use of it was not made.

There can be no doubt that appeal is the more appropriate remedy to review errors committed on the trial of the case, nor is there any doubt that this point has been pointed out to the profession a sufficient number of times. *Howell* v. *Shepard*, 48 Mich. 472; *Erie Preserving Co.* v. *Witherspoon*, 49 Mich. 379; *Galloway* v. *Corbitt*, 52 Mich. 460; *Morrison* v. *Emsley*, 53 Mich. 564; *O'Hara* v. *Mernan*, 79 Mich. 222; *Stoll* v. *Padley*, 98 Mich. 13. It is true the court has in some cases reviewed rulings occurring on the trial in excluding or receiving evidence (*Whittle* v. *Bailes*, 65 Mich. 640); but we find no case, where the point has been distinctly made, where the court has reversed the case for error in the admission of testimony, where no objection was made before the justice. At the common law, *certiorari* is not a proper remedy to review rulings made on the trial (Spel. Extr. Rel. § 1917); and the same author, in section 1925, says:

" If, under the practice of the State where the matter arises, other than jurisdictional questions may be examined on *certiorari*, the same rule applies as upon appeal; and, in order that the petitioner may avail himself of errors and irregularities committed by the lower court, it must appear that he interposed proper objection in due time."

See, also, *Cousins* v. *Cowing,* 23 Pick. 214; *Stratton* v. *Com.,* 10 Metc. (Mass.) 217; *Carolan* v. *Carolan,* 47 Ark. 511; *Hinman* v. *Eakins,* 26 Mich. 81; *McGraw* v. *Schwab,* 23 Mich. 13; *Hart* v. *Port Huron,* 46 Mich. 428. In the latter case it was said:

" Upon all the points in issue, there appears to have been evidence, and the objection that it was not the best evidence can hardly be raised now, when the defendant deliberately abstained from objecting."

It is true that in the case of *Locke* v. *Farley,* 41 Mich. 405, there is a *dictum* that a defendant not appearing might raise a question of this nature; but the case called for no opinion on that subject, as the defendant did appear, and it was held that, not having objected, he could not thereafter raise the question on *certiorari.* We are unable to see why the fact of his failing to appear should give the defendant greater right in a matter not going to the jurisdiction of the court. He certainly would stand in no different light than a defendant who withdrew his plea, as was the case in *Hart* v. *Port Huron, supra.* Had there been an appearance or objection in this case, it does not appear that the objection might not have been obviated by the plaintiff's offering other proof of its claim. See *Cousins* v. *Cowing, supra.*

The judgment will be reversed, with costs, and the judgment of the justice stand affirmed.

The other Justices concurred.