MERO *v.* BUTTON.

JUSTICES OF THE PEACE—CERTIORARI—AFFIDAVIT OF ACCOUNT—
PARTNERSHIP—EVIDENCE.

    Where an affidavit of account, which stated that between specified days plaintiff worked for defendants in their mine under an agreement with them through their foreman, was received in justice's court without objection, and was treated by the justice as evidence upon which to base a finding that defendants were copartners, the finding was properly sustained on *certiorari*.

Error to Gogebic; Haire, J. Submitted April 5, 1898.
Decided May 6, 1898.

*Assumpsit* by Clarence Mero against Charles F. Button and Otto Olson, impleaded with James George, upon an account for work and labor. Plaintiff had judgment in justice's court, which was affirmed in the circuit on *certiorari*. Defendants bring error. Affirmed.

*Button & Norris*, for appellants.

*Buck & Waples*, for appellee.

LONG, J. Plaintiff brought suit in justice's court against defendants by summons, with verified copy of the account upon which suit was brought attached. Upon the trial in justice's court, the affidavit to the account was admitted in evidence without objection. The justice rendered judgment in favor of plaintiff, and the two defendants removed the cause to the circuit court by *certiorari*, where the judgment of the justice was affirmed. The only question now raised upon this record is whether the affidavit sufficiently sets forth the partnership of the defendants.

The defendants Button and Olson were both personally served with copy of summons and affidavit stating the account. Defendant George was not served. He has not appealed. The affidavit to the account states that "on and between the 1st day of February, 1895, and the 21st day of March, 1895, he [affiant] worked for Otto Olson, Charles F. Button, and James George, of Bessemer, Michigan, in their mine at Dodgeville, Wisconsin, * * * under an agreement with them through their foreman; * * * that he rendered a statement to them showing the number of days' work," etc. This was some evidence of a partnership; and, the justice having taken it as such, the finding on *certiorari* cannot be reversed. No question of jurisdiction is involved. The case is governed by *Locke* v. *Farley*, 41 Mich. 405; *Forbes Lithograph Manfg. Co.* v. *Winter*, 107 Mich. 116.

The judgment below is affirmed.

The other Justices concurred.