## Staunton.

THE MERRIMAN CO. v. THOMAS & CO.

September 15, 1904.

1. ASSUMPSIT—*Affidavit to Account by Plaintiff's Book-Keeper.*—A book-keeper may be an agent as well as a servant, but the word "book-keeper" does not import agency, and, in the absence of all evidence on the subject, the affidavit of plaintiff's book-keeper to an account filed with a declaration in assumpsit is not a sufficient compliance with the provisions of section 3286 of the Code to compel the defendant to swear to his plea. The statute requires the affidavit of the plaintiff or his *agent*, and, in the absence of evidence on the subject, a "book-keeper" will not be held to be such agent.

2. ASSUMPSIT—*Affidavit—Time from Which Interest is Claimed.*—The affidavit filed with a declaration in assumpsit under Code, section 3286, should state the time from which the plaintiff claims interest.

Error to a judgment of the Circuit Court of Giles county in an action of assumpsit wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Martin Williams* and *Samuel W. Williams*, for the plaintiff in error.

*Johnston & Williams*, for the defendants in error.

KEITH, P., delivered the opinion of the court.

Thomas & Company instituted their action in assumpsit in

the Circuit Court of Giles county against The Merriman Company, to recover $338.03. An itemized account was filed, accompanied by an affidavit in the following terms:

"State of Virginia—City of Roanoke, to-wit:

"M. L. Keister, book-keeper for the firm of F. B. Thomas & Co., personally appeared before me, G. Frank Helms, a notary public in and for the city and State aforesaid, and made oath that the attached account of $338.03 against The Merriman Company, Incorporated, Penovir, Va., is just and correct, and no part of the same has ever been paid.

"Given under my hand this the 29th day of December, 1903.

"My commission expires January 15, 1904.

"G. FRANK HELMS,
"Notary Public."

The defendant appeared by counsel and tendered its plea in writing of *non assumpsit*, to the filing of which plea the plaintiff objected, because it was not verified by affidavit. The court sustained the objection, and refused to permit the plea to be filed, and entered judgment in favor of the plaintiff, to which action of the court the defendant excepted, and the case is before us upon a writ of error.

Section 3286 of the Code is as folows:

"*When, in action of assumpsit, no plea in bar to be received, or inquiry of damages made, unless defendant file with plea affidavit denying plaintiff's claim, but judgment given therefor.* In an action of *assumpsit* on a contract, express or implied, for the payment of money, (except where the process to answer the action has been served by publication), if the plaintiff file with his declaration an affidavit made by himself or his agent, stating therein, to the best of the affiant's belief the amount of the

plaintiff's claim, that such amount is justly due, and the time from which the plaintiff claims interest, no plea in bar shall be received in the case, either at rules or in court, unless the defendant file with his plea the affidavit of himself or his agent, that the plaintiff is not entitled as the affiant verily believes, to recover anything from the defendant on such claim, or stating a sum certain less than that set forth in the affidavit filed by the plaintiff, which, as the affiant verily believes, is all that the plaintiff is entitled to recover from the defendant on such claim. If such plea and affidavit be not filed by the defendant, there shall be no inquiry of damages, but judgment shall be for the plaintiff for the amount claimed in the affidavit filed with his declaration. If such plea and affidavit be filed, and the affidavit admits that the plaintiff is entitled to recover from the defendant a sum certain less than that stated in the affidavit filed by the plaintiff, judgment may be taken by the plaintiff for the sum so admitted to be due, and the case be tried as to the residue."

If the affidavit which accompanied the declaration and account conforms to the provisions of the section just quoted, then the Circuit Court properly rejected the plea offered by defendant, and its judgment must be affirmed.

The affidavit is objected to by plaintiff in error because it does not appear upon its face to have been made by the defendants in error, or their agent, but the Circuit Court was of opinion that the affiant, M. L. Keister, being the book-keeper of Thomas & Company, was their agent within the meaning of the statute, and accepted his affidavit as sufficient.

The statute makes an innovation upon the established mode of procedure in such cases, and a plaintiff, in order to take advantage of it, must proceed in accordance with its provisions. The affidavit can only be made by the plaintiff, or his agent. Is a book-keeper such an agent as the statute contemplates?

"An agent is one employed and authorized to represent and

act for another, and the distinguishing features of the agent are his representative character, and his derivative authority." *Mechem on Agency*, sec. 1.

"The line of demarcation between the relation of principal and agent, and that of master and servant is exceedingly difficult to define. . . . . . The true distinction is to be found in the nature of the undertaking, and the time and manner of its performance. Agency properly relates to transactions of business with third persons, and it implies more or less of discretion in the agent as to the time and manner of his performance. Service, on the other hand, has reference to actions upon or about things. It deals chiefly with matters of mere manual or mechanical execution, in which the servant acts under the direction and control of the master." *Mechem on Agency*, sec. 2.

Judge Cooley says, that "A preliminary remark is essential regarding the employment, in the law, of the words master and servant. The common understanding of the words and the legal understanding is not the same; the latter is broader and comprehends some cases in which the parties are master and servant only in a peculiar sense, and for certain purposes; perhaps only for a single purpose. In strictness, a servant is one who, for a valuable consideration, engages in the service of another, and undertakes to observe his directions in some lawful business." *Cooley on Torts*, 531.

The distinction between the two relations of agent and servant is well stated in sections 2995 and 2009 of the Code of California, and sections 1337 and 1157 of the Code of Dakota, as set out in the note to section 2 of Mechem on Agency. "An agent is one who represents another, called the principal, in dealings with third persons." "A servant is one who is employed to render personal service to his employer, otherwise than in the pursuit of an independent calling, and who in such

service remains entirely under the control and direction of the latter, who is called his master."

In the Cyclopedia of Law and Procedure, Vol. 2, p. 5, concerning affidavits, and who may make them, it is said, that "in determining this question reference must always be had to the statutes and the rules of court governing the particular affidavit. Thus where a statute specifically points out who may make a certain affidavit, it can be made by no one other than those specified."

If the statute had prescribed that the affidavit should be made by the plaintiff in person, then it could have been made by no one else, and when it is declared that it must be made by the "plaintiff or his agent" the courts must be content to construe the language employed.

While a book-keeper may be, and often is, the agent of his employer, the word does not, *ex vi termini*, import that relation, and, in the absence of averment in the affidavit that it exists, the courts cannot by intendment enlarge the ordinary signification of the word so as to bring it within a class to which it may or may not belong. It seems from the citations we have made that a book-keeper is a servant in the broad sense in which that term is employed in the law. He has no representative capacity. He acts under the direction and control of his employer, and his occupation has no relation to the transaction of business with third persons.

The affidavit fails to state "the time from which the plaintiff claims interest," and in this respect also does not comply with the statute. It is true that no interest was allowed in the judgment complained of, and if this defect stood alone it might, perhaps, be regarded as harmless error; but, as the case must be reversed, it is unnecessary to say more upon this point than to observe that it is safer and better practice to conform, in substance at least, to the plain terms of a statute.

Opinion.

We are of opinion that the affidavit was insufficient, that the plea was improperly rejected, and that the judgment must be reversed, and the cause remanded to the Circuit Court.

*Reversed.*