# Richmond.

TAYLOR, RECEIVER, AND OTHERS v. SUTHERLIN-MEADE TO-
BACCO COMPANY AND OTHERS.

January 16, 1908.

January 30, 1908.

Absent, Cardwell, J.

1. ATTACHMENTS—*Affidavit by Secretary and Treasurer of Corporation—
Agent.*—An attachment awarded to a corporation as plaintiff, based
upon the affidavit of its secretary and treasurer, as such and without
more, cannot be maintained. The court cannot say, as a matter of
law and in the absence of averment, that the term "secretary and
treasurer" necessarily imports the relation of agency between such
officer and his corporation within the intendment of the attachment
laws of this state, which require the affidavit to be made by "the
plaintiff, his agent or attorney." If he is in fact such agent, it
should be so averred in the affidavit. Attachment laws being in
derogation of the common law, and harsh in their application, sub-
stantial compliance with their requirements must be made to appear
on the face of the proceedings.

2. ATTACHMENTS—*Affidavit—Treasurer as Agent of Corporation.*—The fact
that a statute authorizes service of process against a corporation
on its treasurer is not a recognition of the treasurer as the repre-
sentative of the corporation in all legal proceedings.

3. TAXATION—*Funds in Court—Distribution—Payment of Taxes.*—Upon
principle, and also in accordance with the provisions of Sec. 492b,
Code, 1904, it is the duty of a court, before distributing a fund
under its control, to provide for the payment of taxes and levies
due by the debtor whose assets are being distributed. A court, as
the representative of the sovereignty of the state, should make no
order for the distribution of funds under its control until pro-
vision is made for the payment of taxes and levies due to the
commonwealth and its municipalities.

4. APPEAL AND ERROR—*Attachments—Amending of Affidavit.*—Courts acquire jurisdiction of attachments in equity alone by force of the affidavit; and, upon appeal, in a case founded upon an insufficient affidavit, this court can only abate the attachment and dismiss the proceeding, in the absence of an application to the trial court to amend the affidavit. In the absence of statute, it cannot remand the case to the trial court for the purpose of amending the affidavit.

Appeal from a decree of the Corporation Court of the city of Lynchburg in the cases of *Sutherlin-Meade Tobacco Co.* v. *Commonwealth Tobacco Co. and Others,* and *Butler* v. *Commonwealth Tobacco Co. and Others,* heard together. From a decree in favor of *Sutherlin-Meade Tobacco Co.* Taylor, Receiver, and Butler appeal.

*Reversed.*

The opinion states the case.

*Scott & Buchanan,* for the appellants.

*Caskie & Coleman* and *Wilson & Manson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is an attachment in equity, sued out by the appellees, the Sutherlin-Meade Tobacco Company, against the Commonwealth Tobacco Company, a foreign corporation, formerly engaged in the manufacture of tobacco at Lynchburg, Virginia, to attach the property of the defendant company in this state and subject it to plaintiff's debt.

There was a motion to quash the attachment, because the affidavit upon which it was issued does not show that it was made by "the plaintiff, his agent or attorney," as required by the present statute (Va. Code, 1904, ss. 2959, 2964), which motion was overruled, and the defendant appealed.

It may be well to notice, in this connection, that formerly the statute did not require the affidavit to be made by "the

plaintiff, his agent or attorney," but provided only, that "On affidavit at the time or after the institution of the suit, * * * the clerk shall issue an attachment," etc. Va. Code, 1873, sec. 2, p. 1009; *Benn* v. *Hatcher,* 81 *Va.* 25, 35, 59 Am. Rep. 645.

In this instance, the affidavit was made by the secretary and treasurer of the attaching company, and the single question involved in this preliminary contention is, whether the words "secretary and treasurer," *ex vi termini,* import that such officer is the agent of the corporation.

The rule governing attachment proceedings is thus stated in *McAllister* v. *Guggenheimer,* 91 Va. 317, 319, 21 S. E. 475: "In this state statutes have been enacted declaring the manner in which the property of such debtors (non-resident debtors) may be subjected to the payment of their liabilities, when there is no lien upon the property for their payment. Independent of these statutes, a court of equity has no jurisdiction to subject such debtor's property in favor of a creditor at large. The remedy invoked in this case being one wholly derived from statute law, and one which is harsh in its operation toward the party against whom it is directed, and also toward the creditors of such debtor over whom the attaching creditor obtains priority, must upon its face show that the requirements of the statute have been substantially complied with." Citing 4 Min. Inst. (last ed.) 404, 5; *Thatcher* v. *Powell,* 6 Wheat. 119, 15 L. Ed. 221; *Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565; *Tate* v. *Liggatt,* 2 Leigh 99, 100; Daniel on Attachments, secs. 11, 12.

In the recent case of *Merriman Co.* v. *Thomas,* 103 Va. 24, 48 S. E. 490, the court said, in construing an analogous statute requiring the affidavit of "the plaintiff or his agent" to an account filed with a declaration in assumpsit Va. Code, 1904, sec. 3286), that, in the absence of averment of agency in the affidavit, the plaintiff's "book-keeper" would not be held to be his agent, observing: "The statute makes an innovation upon the established mode of procedure in such cases, and a plaintiff, in

order to take advantage of it, must proceed in accordance with its provisions." The distinction is also drawn between an agent and other employee, and authorities cited to illustrate that distinction:

"An agent is one employed and authorized to represent and act for another, and the distinguishing features of the agent are his representative character and his derivative authority." Mechem on Agency, sec. 1.

The same author thus draws the line of demarcation between the relation of principal and agent and that of master and servant: "The true distinction is to be found in the nature of the undertaking and the time and manner of its performance. Agency properly relates to transactions of business with third persons, and it implies more or less of discretion in the agent as to the time and manner of his performance. Service, on the other hand, has reference to actions upon or about things. It deals chiefly with manual or mechanical execution, in which the servant acts under the direction and control of the master." *Id.* section 2.

The court, at page 28, remarks: "In the Cyclopedia of Law and Procedure, Vol. 2, p. 5, concerning affidavits, and who may make them, it is said, that 'in determining this question reference must always be had to the statutes and rules of court governing the particular affidavit. Thus, where a statute specifically points out who may make a certain affidavit, it can be made by no other than those specified.'

"If the statute had prescribed that the affidavit should be made by the plaintiff in person, then it could have been made by no one else, and when it is declared that it must be made by the 'plaintiff or his agent,' the courts must be content to construe the language employed.

"While a book-keeper may be, and often is, the agent of his employer, the word does not, *ex vi termini,* import that relation, and in the absence of averment in the affidavit that it exists,

the court cannot by intendment enlarge the ordinary significa-
tion of the word so as to bring it within a class to which it may
or may not belong."

So in this case, unless the court is prepared to announce, as
a matter of law, that the words "secretary and treasurer" nec-
essarily denote the existence of the relation of agency between
affiant and the attaching corporation, then the attachment must
fall.

The general doctrine is well settled, that the powers of a pri-
vate corporation, so far as its dealings with third persons are
concerned, are primarily lodged in its board of directors, from
which source the officers, either expressly or by implication,
derive such measure of authority as may be bestowed upon them.

Mr. Cook discusses the subject as follows: "The board of
directors have the widest of powers. All of the various acts
and contracts which a corporation may enter into are entered
into by and through the board of directors. The board of di-
rectors make or authorize the making of the notes, bills, mort-
gages, sales, deeds, liens and contracts generally of the cor-
poration. They appoint the agents, direct the business, and
govern the policy and plans of the corporation. The directors
elect the officers, and in this connection it may be added that at
common law there is no limit to the number of offices which may
be held simultaneously by the same person, provided that
neither of them is incompatible with any other. They institute,
prosecute, compromise, or appeal suits at law and in equity
which the corporation brings or has brought against it." 2
Cook on Corporations, (5th ed.), sec. 712; Morawetz on Pri-
vate Corp., sections 509, 510, 511.

With respect to the powers of the president of a corporation,
it is said: "The office itself, however, confers no power to
bind the corporation or control its property. The president's
power as an agent must be sought in the organic law of the cor-
poration, in a delegation of authority from it, directly or

through its board of directors, formally expressed or implied from a habit or custom of doing business." 10 Cyc. 903; 2 Cook on Corp. (5th ed.) sec. 716; Morawetz on Pri. Corp., sec. 537. See also *Crump* v. *U. S. Mining Co.,* 7 Gratt. 352, 56 Am. Dec. 116; *Hodges, Ex'or* v. *Bank,* 22 Gratt. 60.

"The secretary of a corporation has no power, merely as secretary of the company, to make contracts for it. The secretary is one of the corporate officers, but he has practically no authority. The corporation may, of course, expressly authorize the secretary to contract for it, or may accept and ratify his contracts after they are made. The treasurer of a corporation has no power, merely by reason of his office, to contract for the corporation." 2 Cook on Corp. C. 5th ed.) sec. 717. "A secretary is a mere servant, His position is that he is to do what he is told, and no person can assume that he has any authority to represent anything at all." Section 717, note.

In 4 Thomp. on Corp., secs. 4714, 4716, the author says of the treasurer of a private corporation, that he is a mere ministerial agent or employee," and that he does not possess "by virtue of his office, any implied or *ex officio* powers of which the courts will take judicial notice." To the same effect is 3 Clark & Marshall on Private Corporations, sec. 703.

These principles are sustained by numerous decisions of courts of the highest respectability, and are laid down by standard writers on private corporations as well settled law.

A number of cases have been adduced by learned counsel for the appellees touching the implied authority of a secretary and treasurer to represent his company.

*Bristol Bank* v. *Keavy,* 128 Mass. 298, is cited for the proposition that a treasurer can employ an attorney to collect unpaid bills. But the conclusion of the court in that case was largely influenced by the fact that the treasurer was acting "under the immediate direction of one of the officers of the demandant corporation, who had special charge of that class of matters to

which the one in question belonged." See page 302. In 4 Thomp. on Corp., sec. 4726, that case is explained, and in the later case of *Craft* v. *So. Boston R. R. Co.*, 150 Mass. 207, 22 N. E. 920, 5 L. R. A. 641, a different conclusion is reached.

In *Whitehall Co.* v. *Hall*, 102 Va. 284, 46 S. E. 290, the familiar doctrine is announced, that "admissions and representations made by an agent of a corporation, acting within the scope of his authority and concerning matters entrusted to him, are binding upon the corporation. Cook on Corp. (4th ed.) section 726."

In *Sparks* v. *Dispatch Transfer Co.*, 104 Mo. 531, 15 S. W. 417, 12 L. R. A. 714, 24 Am. St. Rep. 351, the president had been held out as having authority to act for the corporation, and the court held that it was bound by his acts. To the same effect are *Ceeder* v. *Loud &c. Co.*, 86 Mich. 541, 49 N. W. 575, 24 Am. St. Rep. 134, and *Sherman Centre Town Co.* v. *Swigart*, 43 Kan. 292, 23 Pac. 569, 19 Am. St. Rep. 137.

In *Ex parte Sergeant*, 17 Vt. 425, it was held that, under a statute requiring "the plaintiff to file an affidavit" (a corporation being plaintiff, and consequently unable to comply literally with the requirement), "the statute would engraft an exception on itself in favor of the agent or head of a corporation," and that the affidavit could be made by "the president of the bank, who is the head of the corporation."

In *St. Louis &c. R. Co.* v. *Fowler*, 113 Mo. 458, 20 S. W. 1069, it was held that the application for a change of venue by a corporation might be verified by the affidavit of any officer or agent of the corporation.

In *Moline &c.* v. *Curtis* 38 Neb. 520, 57 N. W. 161, the attachment was based on an affidavit which showed on its face that affiants were agents of their corporation, and the trial court allowed the plaintiff to amend by inserting that they were also "Sec'y & Treas.," which it was said cured the "alleged defect."

In *Chicago &c. R. Co.* v. *Coleman,* 18 Ill. 297, 68 Am. Dec. 544, the court held the admissions of the president of a railroad company, who had been held out and treated as the executive head of the corporation, made in the ordinary course of his employment, binding upon the company.

In *Forbes Lithograph Mfg. Co.* v. *Winter,* 107 Mich. 116, 64 N. W. 1053, it was held that an affidavit by an officer of the company, as to the correctness of the account sued on, was sufficient, under the Michigan statute which provided that in any action brought on an account, "if the plaintiff or some one in his behalf" should make an affidavit of the amount due, it should be deemed *prima facie* evidence of such indebtedness.

In the two cases of *Corcoran* v. *Snow Cattle Co.,* 151 Mass. 72, 23 N. E. 728, and *Merchant's Nat'l Bank* v. *Gas Light Co.,* 159 Mass. 505, 34 N. E. 1083, 38 Am. St. Rep. 453, it was held that the treasurers of certain trading and manufacturing corporations in that state have authority, by virtue of their office, to make notes on behalf of the company. Mr. Thompson, in discussing the subject, shows that the doctrine of these cases is peculiar to Massachusetts; that it rests upon an established custom which obtains with respect to the dealings of that class of corporations in that state, and is not in accord with the weight of authority elsewhere. Thomp. on Corp., sections 4720-1-2. That the rule is not of universal application even in Massachusetts is shown by the case of *Craft* v. *South Boston R. Co., supra.*

The reports abound with cases of which the foregoing are examples, in which corporations have been made repsonsible for acts of persons holding themselves out as agents, sometimes officers of the company transcending the limits of their authority, or even strangers assuming to act and acting as agents, with knowledge of the company; but that class of cases is wholly beside the mark in a case where the company itself is seeking to make an

act done by one of its officers in excess of his general authority the foundation of rights against another.

We find nothing in these decisions in conflict with the general proposition, that a court cannot take judicial knowledge of the fact that the secretary and treasurer of a private corporation, *virtute officii,* is agent of the corporation in contemplation of the attachment statutes.

The provision found in Va. Code, 1904, sec. 3225, which allows service of process upon the president, treasurer, or other chief officer, etc., of a corporation, is also relied on as legislative recognition of the authority of the treasurer as the legal representative of the corporation in all court proceedings; but it is manifest that the exact language of the enactment is not susceptible of any such broad construction.

Nor are we prepared to concede that a ruling contrary to the contention of the appellees will operate as disastrously upon business enterprise as counsel apprehend. We are placing no restrictive limitation upon the powers of the secretary and treasurer of a private corporation in his transactions with third parties, whether such authority be derived from statute, charter, by-law, custom, or other delegation, express or implied. The extent of our pronouncement is, that the court cannot say, as matter of law, in the absence of averment, that the term "secretary and treasurer" necessarily imports the relation of agency between such officer and his corporation within the intendment of the attachment acts. Correct practice requires the affidavit to aver that affiant is "the plaintiff, his agent or attorney," according to the fact, and compliance with the rule imposes no undue hardship upon the attaching creditor. Daniel on Attachment, sec. 14; Sams on Attachment, pp 190-120.

We are, therefore, of opinion that the trial court erred in overruling the motion of the defendant to abate the attachment.

While this view will operate a dismissal of the bill in the attachment proceeding, and renders consideration of other as-

signments of error, in that litigation, unnecessary, it leaves un-affected the companion case of *Butler* v. *The Commonwealth Tobacco Company.*

The latter case is a suit in behalf of all creditors of the company. The bill alleges the pendency of a suit in the chancery court of New Jersey, where the company was chartered, to administer the assets (to which end a receiver had been regularly appointed), and prays that an auxiliary receiver may be appointed to take possession of the Virginia assets, and for their administration under the direction and in accordance with the decrees of the chancery court in the principal case.

The state of Virginia and the city of Lynchburg filed petitions asserting claims against the assets for taxes due by the company for the year 1904.

By the decree appealed from, the trial court held that the Sutherlin-Meade Tobacco Company had a lien upon the tangible chattel property of the debtor corporation, by virtue of its attachment, prior in right to the claim of Taylor, receiver, and to the city of Lynchburg for taxes, but that the city's demand, *quoad* the proceeds of sale of intangible property, was superior to any right or claim of the receiver.

The city assigns cross-error, under Rule VIII, to the priority allowed the Sutherlin-Meade Tobacco Company as to the tangible property.

Though that particular question is no longer vital, we are of opinion that, under the general doctrine which obtains in such cases, and in accordance with the provisions of Va. Code, 1904, sec. 492b, the duty devolved upon the court, before distributing the fund under its control, to provide for payment of taxes and levies due by the company. It would, indeed, be an anomalous result if either the receiver or attaching creditors could come into the courts of the state and invoke their aid to take charge of and administer the assets of an insolvent foreign corporation (thereby preventing the state and city from exer-

cising their right to levy on the property of such corporation to enforce payment of taxes), and at the same time deny the power of the court to discharge the taxes out of the fund that it is called on to administer.

It is the universal rule that a court, as the representative of the sovereignty of the state, will make no order for the distribution of funds *in custodia legis* until provision is made for payment of taxes and levies due to the commonwealth and its municipalities. Alderson on Receivers, 205; *In re Tyler,* 149 U. S. 164, 37 L. Ed. 689; *Greely* v. *Provident Savings Bank,* 98 Mo. 458, 460, 11 S. W. 980; *Bank* v. *Ewing,* (C. C. A.) 103 Fed. 168; 2 Cooley on Taxation, 834, also note 5.

For the foregoing reasons, the decree complained of must be reversed, the bill in the attachment case will be dismissed, and the creditors' suit, which was heard with it, will be remanded for further proceedings not in conflict with the views expressed in this opinion.

### UPON A PETITION TO AMEND ORDER.

BY THE COURT:

The prayer of the petition of the appellees, that the order entered in this case at a former day of the present term be so far modified as to remand the case to the corporation court for the purpose of enabling the appellants to prove the agency of the secretary and treasurer of the company is denied.

Courts acquire jurisdiction in attachments in equity alone by force of the affidavit; and on appeal in a case founded on an insufficient affidavit, this court can only abate the attachment and dismiss the proceeding, in the absence of application to amend the affidavit in the trial court. This seems to be the universal rule in jurisdictions where there is no statutory authority for amending the affidavit.

*Reversed.*