## Wytheville

### JONES & COMPANY, INC. v. C. W. HANCOCK & SONS.

#### June 10, 1915.

1. AFFIDAVIT—*Agent—President of Corporation.*—The affidavit of the president of a corporation, in the absence of any averment therein of his agency, or any other evidence on the subject, is not a sufficient compliance with section 3286 of the Code which requires the affidavit of the defendant or his agent to the plea. The fact that a person is president of a corporation does not *per se* import agency to make an affidavit for it.

2. OFFICE JUDGMENT—*Set Aside at One Term—Reinstated at Another—Effect.*—If an office judgment is set aside by a plea to the merits at one term of the court, and, at a subsequent term, the plea is stricken out because of the insufficiency of the affidavit supporting it, the office judgment is thereby reinstated and having become final at the term at which the plea was interposed, the trial court was thereafter powerless to amend the pleadings.

3. CORPORATIONS—*Service of Process On—Service of Process on President—When Ten Days Required.*—Service of process on the president of a corporation in the county or city wherein the action is brought and in which he resides may be made at any time before or on the return day of such process. Process on a corporation is only required to be served ten days before the return day when service is on an agent, or in a county or corporation other than that in which the action is brought. Code (1904) section 3227.

Error to a judgment of the Law and Chancery Court of the city of Norfolk in an action of assumpsit. Judgment for the plaintiffs. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Kenneth S. Jones* and *Wm. H. Moreland,* for the plaintiff in error.

*Wingfield & Hoag,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

The defendants in error, partners, who were plaintiffs below, brought an action of assumpsit against the plaintiff in error, a corporation, to recover the price of goods alleged to have been sold, and delivered by the plaintiffs to the defendant at its request. The account was filed with the declaration, accompanied by the affidavit of one of the plaintiffs, made in accordance with section 3286 of the Code, and an office judgment duly entered thereon. At the succeeding term of the court, on June 17, 1914, the defendant appeared and filed pleas of non-assumpsit and set off, whereupon the office judgment was set aside. These pleas were sworn to by the president of the corporation, but it does not appear that they were verified by any agent of the defendant as required by section 3286.

On July 13, 1914, the court, on motion of the plaintiff, struck out the pleas because they were not verified by such affidavits as the statute prescribed, and likewise sustained the plaintiffs' motion to annul its former order setting aside the office judgment.

It is quite clear under the decisions of this court that the affidavit of the president of the corporation, in the absence of any averment therein of his agency, or any other evidence on the subject, is not a sufficient compliance with the statute which requires the affidavit of the plaintiff or his *agent* to the plea. In other words the fact that affiant is president does not *per se* import such agency. Reference to decisions of this court on the subject obviates the necessity for further discussion. *Merriman Co.* v. *Thomas,* 103 Va. 24, 48 S. E. 490; *Taylor* v. *Sutherlin-Meade Tobacco Co.,* 107 Va. 787, 60 S. E. 132; *Clement* v. *Adams Bros.,* 113 Va. 547, 75 S. E. 294.

The effect of the court's ruling in striking out the defendant's pleas was to reinstate the office judgment and by force of the statute, section 3287, it became final on July 1, 1914, which was the fifteenth day of the term. *Griggs* v. *Dalsheimer,* 88 Va. 508, 510, 13 S. E. 993; *Price* v. *Marks,* 103 Va. 18, 48 S. E. 499. After that time the court was without power to admit evidence as the basis for amending the pleadings and rightly so held. *Enders' Ex'ors* v. *Burch,* 15 Gratt. (56 Va.) 64.

Objection was made to the service and return of the original summons in the case, because it did not show that it was served on an agent and ten days before the return day. Code, secs. 3225, 3227.

The record does show that the defendant is a corporation and that the writ was served on its president in the city of Norfolk where he resides. By section 3225, process against a corporation is required to be served on the president if he is in the county or corporation wherein the action is brought. And by section 3227 process is only required to be served ten days before the return day when service is on an agent, or in a county or corporation other than that in which the action is brought.

In this instance, as observed, the service was not on an agent or in another county or corporation. Hence, service at any time before or on the return day was sufficient.

The remaining assignments are without merit and do not call for special notice.

The judgment of the Court of Law and Chancery of the city of Norfolk is plainly right and must be affirmed.

*Affirmed.*