No. 9008.

JOTTER *v.* MARVIN INVESTMENT COMPANY.

1. CORPORATIONS—*Residence.* A corporation organized under our laws is a resident of Colorado and cannot depart therefrom.

2. ——*Litigation.* May serve process by publication.

3. PUBLICATION OF SUMMONS—*Affidavit.* A judgment by default in an action by a corporation was obtained by publication of the summons. The affidavit for publication was made by a director, and set forth that the officers of the company "reside out of the state." The affidavit was held sufficient and the judgment sustained.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Mr. M. M. BULKELEY, Messrs. VANCE & McTAGGART, Messrs. ALLEN & WEBSTER, Mr. LOUIS H. DRATH, for plaintiff in error.

Mr. JOHN F. MAIL, for defendant in error.

Mr. Justice White delivered the opinion of the court.

THE Charles B. Marvin Investment Company brought suit against George W. Jotter to quiet title to certain lands in Yuma county. Jotter answered and sought to quiet the title in himself. Judgment was in favor of the plaintiff and the defendant has brought the matter here for review. It is conceded that the title of Jotter rests upon a judgment wherein title to the premises had been previously quieted in the Empire Ranch and Cattle Company, and if that judgment is valid the judgment in the instant case is wrong, and should be reversed. The trial court held that the judgment forming the basis of Jotter's title was void because the affidavit for the publication of summons in the proceeding wherein it was rendered, was made by a person unauthorized under the law to make the same. So much of that affidavit as is necessary to present the question here involved is as follows, to-wit: "Stanley E. Wilmot, being duly sworn, on oath states: that the plaintiff is a corporation duly incorporated under and by virtue of the laws of the State of Colorado; that the executive officers of the said company, including the president, vice-president, secretary and treasurer, reside out of this state; that affiant is a director of the said company and attorney for the transaction of business in the State of Colorado; that none of the officers or directors of the said company reside in this state, except one other member of the board of directors."

Section 45, Code of Civil Procedure, R. S. 1908, makes provision for the service of summons by publication in proceedings of this character. It requires, *inter alia,* that the affidavit for publication be made by the plaintiff in the

suit, but provides that if the plaintiff does not reside in the state or is absent therefrom, it "may be made by the plaintiff's attorney in the action." At the time the affidavit in question was made the plaintiff in that suit was, by virtue of being a Colorado corporation, a resident of the state and could not depart therefrom. *Gibson v. Wagner*, 25 Colo. App. 129-136, 136 Pac. 93. Therefore, the code provision for the making of the affidavit by "the plaintiff's attorney in the action" was not applicable. Besides, no claim is made that Wilmot, the maker of that affidavit, was the "plaintiff's attorney in the action" in which it was made. It was, therefore, essential to the validity of the proceedings that the affidavit for publication of summons in that suit should have been made by the plaintiff. Whether or not this was done is the sole question for determination here.

The spirit and the reason of the law require us to hold that the affidavit in question was the act of the plaintiff. The code provision authorized the plaintiff in the action to make the affidavit, and as the plaintiff therein was a corporation, it was expressly, though not mentioned by name, authorized to perform that act. This holding is essential in order to make applicable the fundamental rule that corporations are entitled to the benefit of the law equally with individuals. A corporation must of necessity act through its agents. It cannot personally take oath. Therefore, where a law requires an affidavit to be made by the party, such affidavit, where the party is a corporation, may be made by its agent. 2 C. J., § 25, p. 325; 1 Ruling Case Law, p. 762.

We find nothing in the affidavit, or in the judgment roll of which it forms a part, to overcome the presumption that the court in entering that judgment had jurisdiction. The facts appearing in the affidavit establish, *prima facie*, the agency of Wilmot, and his authority to act in the premises, and the court's finding of due and legal service of summons, must be held conclusive. The judgment is, therefore, reversed and the cause remanded.

Decision *en banc.*

On rehearing, Mr. Justice Bailey, Mr. Justice Allen and Mr. Chief Justice Garrigues dissent.

Mr. Justice Burke not participating.

Garrigues, C. J., dissenting.

In 1908 a complaint was filed in the district court of Denver, signed by R. H. Gilmore, as attorney for the Empire Ranch and Cattle Company, against one William L. Clarke to quiet title in the cattle company to the land in controversy. Summons was issued in that case May 26, 1908, and duly returned without service upon Clarke. The following affidavit was then filed as the basis for publication of summons which was made under Sec. 41 of Mills Annotated Code:

"Stanley E. Wilmot, being duly sworn, on his oath, states: that the plaintiff is a corporation duly incorporated under and by virtue of the laws of the state of Colorado; that the executive officers of the said company, including the president, vice-president, secretary and treasurer, reside out of this state; that affiant is a director of the said company and attorney for the transaction of business in the state of Colorado; that none of the officers or directors of the said company reside in this state, except one other member of the board of directors."

September 7, 1908, a final decree was entered quieting title in the Empire Ranch and Cattle Company based upon publication of summons against Clarke. After that the cattle company conveyed the land to George W. Jotter and Clarke conveyed it to the Charles B. Marvin Investment Company. January 4, 1916, the latter company commenced the present action to quiet title in it against Jotter. Jotter answered that the title to the land had already been quieted in the cattle company, his immediate grantor, in the action in 1908 against Clarke, he being the immediate grantor of the Marvin Investment Company. To sustain his defense, Jotter offered in evidence the judgment roll in the case against Clarke, which was objected to for the reason that

the affidavit in the case for the publication of summons against Clarke showed upon its face that it was made by an unauthorized person.  The court sustained the objection and entered judgment and decree for the Marvin Investment Company, and Jotter brings the case here for review. The only point in the case is whether the affidavit shows Wilmot was an authorized person to make the affidavit.

After quieting title against Clarke, the cattle company conveyed the land to Jotter, and Clarke conveyed it to the Marvin Investment Company.  In the suit brought in 1916 by the latter company to quiet title against Jotter, he claimed that the title had already been quieted in the cattle company, his immediate grantor, in the suit in 1908 by it against Clarke, the immediate grantor of the investment company, by which Clarke had lost any title he may have had before he conveyed it to the investment company. Upon the trial the investment company, plaintiff below, introduced evidence showing a chain of title from the patentee to it, unless divested by the decree of 1908 in the suit against Clarke.  To show that the title had been so divested, and then stood in him, Jotter offered in evidence, as exhibit 6, a certified copy of the judgment roll in the case of the Empire Ranch and Cattle Company against Clarke.  Objection was sustained to this offer and judgment entered quieting the title in favor of the plaintiff company against Jotter.  The court sustained plaintiff's objection to the introduction of the judgment roll by Jotter upon the ground that the affidavit for publication of summons showed upon its face that it was made by an unauthorized person.

This is a collateral attack upon the decree of 1908, and the case turns upon the validity or invalidity of the former action as shown upon the face of the judgment roll.  No evidence other than the judgment roll was introduced or offered.  If the affidavit is bad upon its face no presumption can be indulged in, the court was without jurisdiction, and the judgment is void.  Sec. 41 of Mills Annotated Code provides that the plaintiff in the suit may make the affidavit

for service by publication. The only exception to the rule requiring the plaintiff to make the affidavit, and permitting any one else to make it, is "that if the plaintiff does not reside in the state, or is absent from the state, the affidavit for service by publication may be made by the plaintiff's attorney in the action." Gilmore and not Wilmot was plaintiff's attorney in the action. This eliminates any right of Wilmot to make the affidavit as plaintiff's attorney in the action; he was not plaintiff's attorney in the action, and his right, if he had any, to do so must be based upon some other ground. Furthermore, the attorney in the action could not make the affidavit because plaintiff was a Colorado corporation, residing within the state. Plaintiff not being absent from the state, it was mandatory under this provision of the code that the affidavit should be made by it and not by its attorney in the action. The statute specifically provides, in such a case, that it is the plaintiff who may make the affidavit, and no other person is authorized. The authority to do so is derived from the statute and to secure its advantage a litigant must proceed in compliance with its provisions. But, being a corporation, of course it could not literally make the affidavit itself. Therefore, from necessity, an agent may do so in its behalf, and the act of the agent will be the act of the corporation. That is to say, the corporation could not make the affidavit personally, but must act through an agent. *Taylor, Receiver, v. Sutherlin-Meade Tobacco Co.,* 107 Va. 787, 60 S. E. 132; *Wheeler & Wilson M. Co. v. Lawson, et al.* 57 Wisc. 400, 15 N. W. 398. So, the case narrows itself down to the point whether the affidavit shows that Wilmot was an agent of the corporation authorized to make the affidavit.

The allegations or averments in the affidavit are that plaintiff is a Colorado corporation; that affiant is a director of, and attorney for, the company for the transaction of business in Colorado, and that all its executive officers reside without the state. The latter allegation is surplusage and adds nothing unless it should be treated as the equivalent of an allegation that plaintiff was absent

from the state, but then it could avail nothing because in that event the affidavit would have to be made by the attorney in the case, which Wilmot was not. So the case turns upon the questions of agency, and upon this point we are confined in our facts to the evidence contained in the affidavit. There was no other evidence and we cannot indulge in presumptions. It contains no averment of agency. There is no averment that Wilmot was authorized to act as the agent of the corporation in making the affidavit. It is claimed two facts are established by the affidavit, either of which authorized him to make the affidavit in the capacity of an agent.

First. That he was a director. Second. That he was the attorney in fact of the corporation for the transaction of business in Colorado.

As to the first contention: Being a director does not import that he was an officer of the corporation. The officers of a corporation are chosen under our statute by the directors, and as a director he was not an officer of the company. Being a director merely, gave him no authority as an officer to represent it as an agent in making the affidavit. That is to say, simply being a director and nothing more did not constitute him individually an officer of the company. Directors are agents only when they act as a board, and individually a director has no power outside of a board meeting to bind the company unless duly authorized. 3 Clark & Marshall on Corporations, secs. 677, 689, 690; 3 Thompson Commentaries on the Law of Corporations, secs. 3906 and 3950; *Extension G. M. & M. Co. v. Skinner*, 28 Colo. 237, 239, 64 Pac. 198. So, I feel confident in saying that as a director only Wilmot was not individually an agent or officer of the company and was not authorized to make the affidavit. It may be unfortunate that all the officers resided without the state, but that was a contingency against which the company should have provided.

As to the second proposition, let us see whether the affidavit states he was authorized as attorney in fact of the

company to make the affidavit, of course keeping in mind that we are confined to the evidence contained in the affidavit, and can look to nothing else. It states that he is the "attorney (of the corporation) for the transaction of business in the State of Colorado." In this investigation we are not called upon to determine who should, could, or might have made the affidavit as the agent of the company. It may be that the president or any executive officer, or general agent, or attorney in fact authorized to act in that behalf, or a director, or any person for that matter duly authorized, could have acted as the agent of the company in the execution of the affidavit. The real question is whether the affidavit—the evidence—shows that Wilmot was, as a matter of law, a person authorized to make the affidavit by virtue of being attorney in fact for the corporation. The affidavit contains no averment that he was the company's agent or attorney in fact to transact this or any other business. The word attorney means attorney at law, not attorney in fact. *People v. Erbaugh*, 42 Colo. 480, 487, 488, 94 Pac. 349; See also, Note 82 C. L. J., 16, 17. Saying that one is the attorney of a corporation for the transaction of business means that he is its lawyer for the transaction of such business. It means a practicing attorney, not an attorney in fact. We take judicial notice that the records of this court show that Wilmot was admitted in 1899 to the bar of this state to practice law as a lawyer or attorney, and I think the affidavit shows that he was the company's lawyer for the transaction of its business in this state, but that did not authorize him as attorney in fact to execute this affidavit as the agent of the company. Some reliance is placed upon sec. 68 of the code which says a pleading may be verified by an officer, stockholder, agent, superintendent, or attorney of the corporation, but this affidavit is not a pleading, and the statute regarding the verification of pleadings has no bearing in the case.

I think the affidavit fails to show that Wilmot was an authorized person to make it for the corporation, and, for that reason, that the judgment should be affirmed.

I am authorized to state that Mr. Justice Bailey and Mr. Justice Allen concur in these views.