OTTO D. BJORKQUEST v. GEORGE A. WAGAR.

*Action—Name of plaintiff—Open account—Amount due.*

1. A plaintiff who is the *sole* proprietor of a business which he carries on under a *firm* name has the right to sue a debtor in his *individual* name, and in fact can sue in no other way.

2. Where, after proving the amount due on an open account by the admissions of the debtor, an affidavit of the amount due, made and served pursuant to How. Stat. § 7525, was received in evidence against the objection of the defendant, the reception of such evidence, even if inadmissible, is non-prejudicial error.

Error to Oceana. (Dickerman, J.) Submitted on briefs October 28, 1890. Decided November 14, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. E. Ambler,* for appellant.

*T. S. Gurney,* for plaintiff.

LONG, J. This action was commenced by declaration, and copies of an affidavit of the amount claimed to be due on an open account, and of the account, were served under the statute, as follows:

" STATE OF WISCONSIN, }
" County of Milwaukee, } ss.

" Otto D. Bjorkquest, sole member of the firm of O. D. Bjorkquest

& Son, being duly sworn, deposes and says that he is the plaintiff named in the annexed account; that at the time the contract in question was made said plaintiff was and still is doing business under the firm name of O. D. Bjorkquest & Son; that the foregoing and annexed account is correctly made out from the books of original entry of said O. D. Bjorkquest & Son; that the said charges were made in said books at or about the time of their respective dates; that goods for which said charges were made were sold and delivered by said O. D. Bjorkquest & Son to George A. Wagar; that the charges are correct, and the account just and true, as stated, to the best of deponent's knowledge and belief.

"That the demand of said O. D. Bjorkquest & Son against said George A. Wagar, as shown by the annexed account, is just, due, and unpaid; that there is no just offset known to deponent, either in law or equity, against said demand; that all just and legal set-offs, payments, and credits have been given to said account; that there is now due to the said O. D. Bjorkquest & Son from said George A. Wagar, upon said open account, the sum of three hundred sixty-two and 19-100 dollars, as near as this deponent can estimate the same, over and above all legal set-offs; and that interest is due thereon from the first day of April, A. D. 1889, at the rate of six per cent. per annum.

"OTTO D. BJORKQUEST.

"Subscribed and sworn to before me this 25th day of November, A. D. 1889.                               C. H. WILLIAMS,
"Notary Public, Milwaukee Co., Wis."

COPY OF ACCOUNT.

"MILWAUKEE, Sept. 17, 1889.

"*George A. Wagar, Mears, Michigan.*

"In account with O. D. BJORKQUEST & SON, 300 & 302 Broadway.

| | | | | | |
|---|---|---|---|---|---|
| 1888. | June 19. | To Mdse. 4 in | | $ 51 | 35 |
| | Oct. 23. | " " " | | 214 | 70 |
| | Dec. 17. | " " " | | 86 | 60 |
| 1889. | Feb. 14. | " " " | | 59 | 54 |
| | | | | $412 | 19 |

CREDIT.

| | | | | |
|---|---|---|---|---|
| 1888. | Oct. 23. | By Cash | 50 | 00 |
| | | | $362 | 19 |
| | | Interest, 7 per cent | 11 | 08 |
| | | | $373 | 27" |

Notice was given under the money counts that plaint-

iff would give in evidence the affidavit and account attached, and that the same constituted the plaintiff's sole cause of action. Defendant pleaded the general issue, and gave notice of set-off, but furnished no bill of particulars of the same.

The cause came on for trial in the circuit court for Oceana county, and the plaintiff called as a witness Mr. T. S. Gurney, who testified that on September 23, 1889, he called upon defendant, Wagar, and showed him the account which was attached to the declaration; that he took the account and examined it, and said it was all right, that the amount was all right, and that he owed them that much, and as soon as the weather would permit he would run out a barge of lumber, and pay it. The account was for $373.27, and interest from April 1, 1889. The plaintiff also put in evidence, without objection, two letters written by the defendant to Mr. Gurney, one dated November 30, 1889, and the other December 3, 1889; the first asking one week's time, and the other for 30 days more in which to pay, at the end of which time he would pay sure. Plaintiff then offered in evidence the affidavit of plaintiff attached to the account, and the return showing the service of the same upon the defendant. Objection was made to this upon the following grounds:

1. That the jurat to the affidavit shows that the date has been changed.

2. That the plaintiff cannot prove by affidavit attached to the declaration that he is the sole party in interest of the firm with whom defendant dealt.

The account, affidavit, declaration, and officer's return showing service of the declaration, with affidavit and account attached, were then offered and received in evidence under objection of defendant's counsel. The plaintiff then rested his case. Defendant offered no evidence.

The cause was tried before the court without a jury, who entered judgment for amount of plaintiff's claim. Defendant brings error.

The errors assigned are substantially the same as the objections made upon the trial, with the additional statement of defendant's counsel that it is not competent, by the affidavit attached to the declaration, to show that plaintiff is doing business under a fictitious name, or has adopted some manner of designating his business dealings other than his own name; and, further, that there is no evidence in the cause showing that the plaintiff is the person, assignee, or successor of the firm with whom defendant dealt. These defenses are purely technical, and none of them have any merit. The account is not disputed, or any item of it denied. The defendant, when presented with it, admitted its correctness, and thereafter asked further time to pay it, and therefore, unless these objections, or some one of them, amount to a legal defense, and are insurmountable in the way of the plaintiff's recovery, the judgment must be affirmed.

The first objection, that there appears to have been a change made in the jurat to the affidavit, has no force. It appears from Mr. Gurney's testimony that these changes were made before the commencement of suit, and when the affidavit came from the hands of the plaintiff at Milwaukee to Mr. Gurney in this State.

How. Stat. § 7525, provides for the service of declaration with statement of account and an affidavit showing its correctness, and makes the account, when so served, *prima facie* evidence of its correctness, unless the defendant with his plea shall make and file an affidavit denying its correctness. No such affidavit was filed, and on the trial the declaration, with return of the officer indorsed there-

on, showing that the affidavit and account were duly served on the defendant, were competent evidence for the plaintiff in establishing his *prima facie* case. But, even if this were not the intent of this statute, the defendant is in no wise damnified by the admission in evidence of these papers. The proof of the account is made by the admissions of the defendant himself to Mr. Gurney.

There is but one other question. It seems that the plaintiff was doing business on his sole account, under the name of O. D. Bjorkquest & Son. This was stated in the affidavit attached to the account in the declaration, and the account was sued in the name of Otto D. Bjorkquest, and so stated in the declaration. There was no attempt on the part of the plainfiff to prove a partnership by the affidavit attached to the declaration, as is now claimed by the defendant's counsel, but rather a claim was made that the plaintiff was the sole proprietor of the business of O. D. Bjorkquest & Son, and was doing business under that name, at the time the account was made with the defendant. Under such circumstances, the plaintiff had the right to sue in his individual name, and in fact he could sue in no other way.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.