BULLOCK *v.* UEBERROTH.

121  293
f147 ²643

121  293
153 ²407
153 ²408
j153 ³415

1. JUSTICES OF THE PEACE—PROOF—SUPPLYING DEFECTS.
   Justices of the peace cannot treat facts material to a particular case as established because shown before them in a different case; nor can they supply defects in the proof by an *ex parte* examination of plaintiff's witnesses after the trial is closed.

2. SAME—CERTIORARI—TECHNICAL DEFECTS.
   2 How. Stat. § 7044, which provides that the circuit court, on *certiorari* to a justice of the peace, shall give judgment "as the right of the matter may appear, without regarding technical omissions, imperfections, or defects which did not affect the merits," does not authorize an affirmance on *certiorari* of a judgment for plaintiff, rendered without his having established all the facts material to his case.

3. ACTIONS—CONTRACTS—PARTIES.
   Where B. sues upon a contract, wherein he appears as agent, under which money is payable to B. & Co., he cannot recover without proving that he was doing business under the name of B. & Co., or that B. & Co. assigned the contract to him.

4. SAME—ASSUMPSIT—DECLARATION—BARGAIN AND SALE.
   A recovery for the breach of a contract for the sale of goods cannot be had upon a declaration containing only the common counts in *assumpsit* and a special count for goods sold and delivered.

Error to Bay; Maxwell, J. Submitted June 9, 1899. Decided September 19, 1899.

*Assumpsit* by Dorus A. Bullock against Christopher H. Ueberroth for goods sold and delivered. From a judgment for defendant, plaintiff brings error. Affirmed.

*J. E. Kinnane*, for appellant.

*U. R. Loranger*, for appellee.

MOORE, J. The plaintiff commenced suit in justice's

court against defendant by summons, in which he described himself as Dorus A. Bullock, doing business as D. A. Bullock & Co. The summons was personally served. The plaintiff declared orally upon all the common counts in *assumpsit*, and specially for goods sold and delivered by the plaintiff to defendant. Upon demand a bill of particulars was furnished, which was stated to be as follows:

## "ORDER FOR THE COUNTY OF BAY.

"D. A. BULLOCK & CO.: You are hereby authorized to publish for me one copy of 'The County of Bay,' according to promises made in your printed prospectus, for which I will pay to your order $15.00 when said work is presented to me, or left at my residence or my place of business. Said work to contain one complimentary miniature metallic engraving of myself, providing I furnish you with photo within sixty days from this date.

[Signed]  "'C. H. UEBERROTH.
"P. O. ———.
  "City.
"Date, Feb'y 27, 1896.
"D. A. B., Agent."

Indorsed on the back thereof is the following:

"In case of Mr. Ueberroth should make such business change as to sell out and go out of business, this order is thereby canceled.  D. A. BULLOCK."

The defendant pleaded orally the general issue, and gave notice that the contract under which plaintiff claims was executed and delivered for the Ueberroth-Ellis Company, a corporation, and on condition that the same should not be operative or take effect unless said company should continue in business, and should be of no effect if said company should go out of business before the delivery of the book therein mentioned; that said company did go out of business before delivery or tender of said book; also that the signature of defendant was obtained to said contract upon the express understanding that it was for said company, and that said contract was not to be binding on said defendant, but only on said company. The case was tried

before the justice, who rendered a judgment in favor of the plaintiff. The case was removed by *certiorari* to the circuit court, where the judgment rendered in justice's court was reversed. The case is brought here by writ of error.

The grounds for the *certiorari* are summarized by counsel as follows:

"1. There was no evidence tending to establish plaintiff's right to recover under the contract with D. A. Bullock & Co. There was no evidence in the case connecting Dorus A. Bullock in any manner with the contract sued upon, except as agent for D. A. Bullock & Co., which he is designated therein.

"2. There was no evidence whatsoever under which Dorus A. Bullock or D. A. Bullock & Co. could recover under the pleadings in the case. The declaration was on all the common counts in *assumpsit*, and the bill of particulars was the contract. The evidence tended to show nothing but a breach of contract. There was no evidence whatever to establish the cause of action."

It is claimed that the pleadings do not show, nor does the proof, that Dorus A. Bullock was doing business as D. A. Bullock & Co., nor do they allege or show that the claim of D. A. Bullock & Co. was assigned before suit to Dorus A. Bullock. We have already stated what the pleadings are. In the affidavit for *certiorari* it is sworn to positively that no proof was made of any assignment from D. A. Bullock & Co. to Dorus A. Bullock of the contract, or that Dorus A. Bullock was doing business under the name of D. A. Bullock & Co. In his return the justice sets out the testimony taken before him. In the testimony neither of the facts just stated appears. He then states in his return:

"I would not say positively whether or not proof was made of the fact that Dorus A. Bullock was doing business under the name of D. A. Bullock & Co., and it was not called to my attention until after the taking of proofs had been closed. That such proof was deemed by me as unimportant in this case, as the fact that Dorus A. Bullock was doing business as D. A. Bullock & Co., and was

the sole proprietor of said atlas, was well known to me, having been fully shown in other cases which were tried by me and before me at and about the same time that this suit was tried. In one of these cases, namely, D. A. Bullock & Co. against Adam Kolb and George Kolb, a copartnership doing business as Kolb Bros., on a motion for security for costs, the plaintiff in said last-mentioned cause was examined on oath on a motion for security for costs before me fully as to his financial responsibility, and as to the persons constituting the said D. A. Bullock & Co., named in said order. Also that after the objection was raised, and the day after the trial of said cause, and before the decision was rendered therein, I did question the said Dorus A. Bullock, and that he stated under oath that he alone constituted the firm of D. A. Bullock & Co., and that he was doing business under that name."

We think it appears affirmatively from an inspection of the return that the testimony was not given during the trial of the cause. It is hardly necessary to say that the magistrate had no right to take testimony in the case after the trial was closed, nor had he any right to supply any defect in the proofs by acting upon knowledge which came to him in some other case.

It is urged by counsel for plaintiff that the circuit judge should not have reversed the case, because it comes within 2 How. Stat. § 7044, which reads:

"The court shall proceed to give judgment in the cause as the right of the matter may appear, without regarding technical omissions, imperfections, or defects in the proceedings before the justice which did not affect the merits."

He says this court condemns the practice of resorting to *certiorari*, and that the objections here are technical, and should not prevail; citing *Galloway* v. *Corbitt*, 52 Mich. 460; *Morrison* v. *Emsley*, 53 Mich. 566; *Mann* v. *Tyler*, 56 Mich. 567; *Gray* v. *Willcox*, Id. 62; *Cheney* v. *Russell*, 44 Mich. 620; *O'Hara* v. *Mernan*, 79 Mich. 226; *Erie Preserving Co.* v. *Witherspoon*, 49 Mich. 379; *Stoll* v. *Padley*, 98 Mich. 18; *Forbes Lithograph Manfg. Co.* v. *Winter*, 107 Mich. 118. It is true, as

stated by counsel, that the court does not favor the disposition of cases upon technicalities, but it is also true that it is just as necessary to prove a case in justice's court as in any court, to entitle a plaintiff to recover a judgment. The paper which is called a "contract" purports to be one between D. A. Bullock & Co. and the defendant, wherein D. A. Bullock appears as agent. If the court is to act upon the paper as it reads, there is an entire failure to show a cause of action in the plaintiff. This failure should have been supplied by the plaintiff. *Cicotte* v. *Morse*, 8 Mich. 424; *Berry* v. *Lowe*, 10 Mich. 9; *Hyde* v. *Nelson*, 11 Mich. 353; *Chicago, etc., R. Co.* v. *Peters*, 45 Mich. 636.

It is said by counsel that in States like this, where there is no statute prohibiting the use of a name or an abbreviation to do business under other than that of the individual, there is no presumption that, when "& Co." is used after the dealer's name, he has a partner, or that such designation includes more than one person; citing *Brennan* v. *Pardridge*, 67 Mich. 453, and *Bjorkquest* v. *Wagar*, 83 Mich. 228. These cases do not state the rule quite as broadly as stated by counsel. In the first case the plaintiff was the administrator of the estate of Mr. Walsh. At the trial it was proven that the business done in the name of Thomas Walsh & Co. was the business of Mr. Walsh. It was claimed that, as the business was conducted in the name of Thomas Walsh & Co., the defendant had a right to presume there was a partner. In discussing that feature of the case, the court said, in substance, that in this State there is no necessary presumption that, when "& Co." is made use of after the dealer's name, he has partners. In the *Bjorkquest* v. *Wagar* case there was attached to the declaration a statement of the account for which suit was brought, and an affidavit, in which it was alleged that the plaintiff was doing business in the name of O. D. Bjorkquest & Son, and a notice was attached to the declaration that, under the money counts, this affidavit would be offered in evidence, and the account, affidavit, and declaration

were all offered and received in evidence. It was held that this established a *prima facie* case, under the provisions of 2 How. Stat. § 7525. It is not believed a case can be found where it is held that it will be presumed, in the absence of proof, that a contract purporting to be made between one party bearing a firm name, executed on its part by an agent, and another party, is the contract of the agent, and not of the firm.

As to the second proposition,— that plaintiff could not recover under the pleadings,— it is the claim of defendant that, conceding there is a contract which can be the basis of suit, plaintiff cannot recover under the pleadings, for the reason that, at the utmost, defendant is guilty of a breach of contract, and he should have been declared against for a breach of contract. On the part of defendant, proof was introduced tending to show the truth of all the matters set up in the notice attached to his plea. He swore that he countermanded the order long before any book was tendered to him, and when it was left at his place of business he refused to receive it, and returned it to the plaintiff at his hotel. Plaintiff denied any knowledge of the Ueberroth-Ellis Company, but admits the contract was that, if defendant went out of business before the book was delivered, he was to be under no obligation to take it, and insists that he is still in business. The plaintiff's testimony disclosed that he had no knowledge of the delivery of the book except what he was told by the employé to whom he gave it for delivery; that it was returned to him at the hotel where he was boarding before suit was brought, with a card of the defendant attached to it; and that, before the atlas was delivered, he was told by defendant he would not take it. It is claimed by plaintiff that he had performed his contract, and that he can recover under the common counts in *assumpsit*, even though defendant refused to receive the atlas; citing *Dustan* v. *McAndrew*, 44 N. Y. 72; *Mason* v. *Decker*, 72 N. Y. 595 (28 Am. Rep. 190); *Shawhan* v. *Van Nest*, 25 Ohio St. 490 (18 Am. Rep. 313); *Bagley* v. *Findlay*, 82 Ill.

524; *Bement* v. *Smith*, 15 Wend. 493; *Bookwalter* v. *Clark*, 11 Biss. 126, 10 Fed. 793. None of these cases support the contention of counsel. In the first of these cases suit was commenced for the breach of the contract, and the court said:

"The vendor of personal property, in a suit against the vendee for not taking and paying for the property, has the choice, ordinarily, of either one of three methods to indemnify himself: (1) He may store or retain the property for the vendee, and sue him for the entire purchase price; (2) he may sell the property, acting as the agent, for this purpose, of the vendee, and recover the difference between the contract price and the price obtained on such resale; or (3) he may keep the property as his own, and recover the difference between the market price at the time and place of delivery and the contract price. 2 Pars. Cont. 484; Sedg. Meas. Dam. 282; *Lewis* v. *Greider*, 49 Barb. 606; *Pollen* v. *Le Roy*, 30 N. Y. 549."

The plaintiff did not adopt either one of the three methods.

In the case of *Bement* v. *Smith* the plaintiff was allowed to recover, not upon the common counts, but upon the special count.

In *Bookwalter* v. *Clark* there was a count for nonperformance of the contract, and the court said:

"I think the plaintiffs are entitled to recover, as their true measure of damages for nonfulfillment, the contract price of the article, though it be conceded no title has passed. The title, I think, in such cases, would pass upon the rendition of judgment."

In *Shawhan* v. *Van Nest* the petition of plaintiff set up the contract and the breach of it. *Bagley* v. *Findlay* was for damages for breach of contract.

In nearly all these cases the question was the measure of damages, and not whether the case could be sustained under the pleadings. As stated before, defendant refused, for reasons which he explains, to take the book. According to the statement of plaintiff, defendant refused to carry out the contract. Giving the plaintiff the most

favorable construction of his testimony possible, defendant was guilty of a breach of the contract, and, if the suit were properly brought, would be liable; but we do not think it the law in this State, nor in most of the States, that one can recover as for a breach of contract upon a declaration containing only the common counts in *assumpsit* and a special count for goods sold and delivered. *Cicotte* v. *Morse*, 8 Mich. 427; *Gorman* v. *Newaygo Circuit Judge*, 27 Mich. 138; *Loranger* v. *Davidson*, 110 Mich. 605.

Judgment is affirmed.

GRANT, C. J., concurred with MOORE, J. MONTGOMERY, HOOKER, and LONG, JJ., concurred in the result.