FURSTMAN *v.* FRANK.

1. PARTNERSHIP—NAME—CERTIFICATE—FAILURE TO FILE—VALIDITY OF CONTRACT.

In a joint action to recover upon a contract entered into by plaintiffs in the firm name, if they were actually partners when the contract was entered into and during its performance, and had filed no certificate under either Act No. 101, Pub. Acts 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), or Act No. 164, Pub. Acts 1913 (2 Comp. Laws 1915, § 6354 *et seq.*), the contract was void and no recovery could be had.

2. SAME—ACTION—PARTIES—JOINT ACTION—INDIVIDUAL ACTION.
    If one of the plaintiffs was the sole proprietor and the other
        only an employee, as now claimed, the action should have
        ·been brought in his individual name, and no recovery can
        be had in this joint action.

Error to Wayne; Murphy, J. . Submitted June 11, 1919. (Docket No. 22.) Decided July 17, 1919.

Assumpsit by Samuel Furstman and another against Joseph Frank and another on a plumbing and heating contract. · Judgment for defendants on a directed verdict. Plaintiffs bring error. Affirmed. ·

*Beckenstein & Weinner,* for appellants.
*Edward N. Barnard,* for appellees.

FELLOWS, J. Plaintiffs bring this joint action to recover upon a contract entered into by them in the firm name of Furstman & Applebaum with defendants in the firm name of Frank & Frank for certain plumbing and heating in a building being erected by defendants. They were met with the defense among others that they had not filed the certificate required by Act No. 101 of the Public Acts of 1907 (2 Comp. Laws 1915, § 6349 *et seq.*), or by Act No. 164 of the Public Acts of 1913 (2 Comp. Laws 1915, § 6354 *et seq.*). Conceding that they had filed no certificate under either act the plaintiffs advanced the claim that they were not partners in fact at the time the contract was made or during the time that such performance as was had under it took place; that plaintiff Furstman was the owner of the business and plaintiff Applebaum his employee. Testimony was taken on this subject and it conclusively appeared that Applebaum was held out as a partner; as to whether they were partners *inter se* the testimony was of such a character as to make this a question of fact. The

trial judge was of the opinion that Act No. 164 of the Public Acts of 1913 applied as well to ostensible partnerships as to partnerships *inter se,* that both were within the purpose of the act and directed a verdict for defendants.

I do not regard it necessary to determine the correctness of the reason given by the trial judge for directing a verdict as I am persuaded that plaintiffs cannot recover in this joint action. If they were actually partners when this contract was entered into and during its performance and had filed no certificate under either of the acts above cited they could not recover. The contract was in violation of a penal statute and void. This question was finally put at rest so far as this court is concerned in the case of *Maurer* v. *Greening Nursery Co.,* 199 Mich. 522, 526. On the other hand if it is admissible in this case, brought by these two plaintiffs on this contract, executed by them as partners in a partnership name, to prove that one of the named partners (Applebaum) had no interest, was but an employee, and that the business and contract were owned solely by Furstman, then a case is established, if such testimony is believed, of a several liability to plaintiff Furstman and not a joint liability to plaintiffs. Manifestly if plaintiff Applebaum was but an employee of plaintiff Furstman he has no interest in a recovery in this case. If the plaintiff Furstman was the sole proprietor of the business and was conducting it under a firm name, and this is the most favorable theory for plaintiff that may be indulged in on the state of the record, he should have brought the action in his individual name. *Bjorkquest* v. *Wagar,* 83 Mich. 226. This case was decided before either of the acts in question was enacted. It was there said:

"There is but one other question. It seems that the plaintiff was doing business on his sole account, under the name of O. D. Bjorkquest & Son. This was stated

in the affidavit attached to the account in the declaration, and the account was sued in the name of Otto D. Bjorkquest, and so stated in the declaration. There was no attempt on the part of the plaintiff to prove a partnership by the affidavit attached to the declaration, as is now claimed by the defendant's counsel, but rather a claim was made that the plaintiff was the sole proprietor of the business of O. D. Bjorkquest & Son, and was doing business under that name, at the time the account was made with the defendant. Under such circumstances, the plaintiff had the right to sue in his individual name, and in fact he could sue in no other way."

Upon this record I am unable to perceive that plaintiffs have established a case for the jury or a right to recover in this action.

The judgment should be affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.