## DECORATORS SUPPLY CO. v. CHAUSSEE.

CORPORATIONS — FOREIGN CORPORATIONS — LICENSES — INTERSTATE COMMERCE.

> In an action by a foreign corporation not licensed to do business in Michigan under Act No. 310, Pub. Acts 1907, as amended, on a contract to furnish defendant certain ornamental plaster work for a school building, where the record discloses that there are concerns in Michigan furnishing ornamental plaster work, and it is apparent that there are mechanics in the State competent to erect such material, there is no such "intrinsic or peculiar quality or inherent complexity" in the article sold as would prevent its sale unless erected by the vendor, and the trial court properly held that plaintiff could not recover because it was an undomesticated foreign corporation engaged in intrastate business.

Error to Chippewa; Fead (Louis H.), J. Submitted June 6, 1920. (Docket No. 92.) Decided July 20, 1920.

Assumpsit by the Decorators Supply Company against Louis E. Chaussee and another on a building contract. Judgment for defendants. Plaintiff brings error. Affirmed.

On validity of contracts made by foreign corporations which have not complied with statutory conditions of the right to do business in the State, see notes in 24 L. R. A. 315; 1 L. R. A. (N. S.) 1041.

*Davidson & Hudson,* for appellant.

*John E. Tracy,* for appellees.

BROOKE, J.  The plaintiff is a foreign corporation, not licensed to do business in Michigan under Act No. 310, Pub. Acts 1907 (2 Comp. Laws 1915, § 9063 *et seq.*), and acts amendatory thereto.  It entered into a contract with the defendant, by the terms of which it agreed to furnish to defendant certain ornamental plaster work, to be used in the high school building at Sault Ste. Marie, Michigan.

By the terms of the contract, the material described was to be "furnished, delivered and set in place by us. All plain run coves by another contractor."  The contract was later modified so that, "instead of stock cornices in the entrance and vestibule these cornices were run in place; instead of a stock proscenium in the study room this cornice was run in place; instead of stock mouldings on the walls and ceilings of the museum these were run in place."  This modification of the contract was adopted after the original contract was made, but before the material was made up.  The factory cost of the material used was approximately $325 and the cost of erection about $148.  One local man was used to assist the factory representative in the erection of the material.  The record discloses that there are concerns in at least two or three cities in Michigan furnishing ornamental plaster work in competition with the plaintiff; and it is apparent that there are mechanics in the State entirely competent to erect such material.  We think it is equally apparent that there is no such "intrinsic or peculiar quality or inherent complexity" in the article sold in the case at bar as would prevent its sale unless erected by the vendor.

The question here involved has been before the court several times in recent years, and a rediscussion of it

will serve no good purpose. *Power Specialty Co.* v. *Michigan Power Co.*, 190 Mich. 699; *Sturtevant Co.* v. *Leitelt Iron Works*, 196 Mich. 552. In both of these cases the case of *Browning* v. *City of Waycross*, 233 U. S. 16 (34 Sup. Ct. Rep. 578), is cited and discussed; and the cases were determined largely upon that authority.

Since the decision of the cases above referred to, the Supreme Court of the United States has had the question before it in two other cases, *General Railway Signal Co.* v. *Virginia*, 246 U. S. 500 (38 Sup. Ct. Rep. 360), and *York Manufacturing Co.* v. *Colley*, 247 U. S. 21 (38 Sup. Ct. Rep. 430). An examination of these later decisions convinces us that there has been no modification of the doctrine announced in the *Waycross Case*.

The circuit judge was correct in holding that the plaintiff cannot succeed because it was an undomesticated foreign corporation, engaged in intrastate business.

The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.