## LEVIN *v.* FISHER.

1. COMMERCE — FOREIGN COMMERCE — REGULATION BY CONGRESS — STATE STATUTE INAPPLICABLE.

   2 Comp. Laws 1915, § 6349, requiring the filing of a certificate showing the real names of the persons conducting business under a fictitious name, has no application to a foreign concern which contracts with a resident of this State for the purchase of goods to be shipped to it, since, under Art. 1, § 8, par. 3, of the United States Constitution, congress has exclusive jurisdiction to regulate foreign commerce.

2. JUDGMENT—NON OBSTANTE VEREDICTO—REINSTATEMENT OF JURY VERDICT.

   Where the jury found in favor of plaintiff, but the court entered judgment for defendant under the statute (3 Comp. Laws 1915, § 14568), under the erroneous opinion that plaintiff's action was barred by 2 Comp. Laws 1915, § 6349, and no assignments of error, as permitted by Circuit Court Rule No. 66, § 6, were made by defendant, the Supreme Court, on reversal, will order judgment entered for plaintiff in accordance with the verdict of the jury.

Error to Oakland; Gillespie (Glenn C.), J. Submitted January 24, 1922. (Docket No. 133.) Decided March 30, 1922.

Assumpsit in justice's court by Samuel Levin against Frederick E. Fisher for breach of a contract for the sale of certain bottles. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant *non obstante veredicto*. Plaintiff brings error. Reversed, and judgment entered on the verdict.

*Benjamin, Betzoldt & Bassett,* for appellant.

*Pelton & McGee,* for appellee.

SHARPE, J. The plaintiff, doing business as the Hamilton Bottle Exchange, entered into a written contract with the defendant, doing business as the Detroit Bottle Exchange, for the purchase of 5 car loads of empty beer bottles at $1.80 per gross, f. o. b. Detroit. A deposit of $200 was made by plaintiff to be applied on the price of the last car load. Draft with bill of lading annexed was to accompany each shipment. The last car load was not shipped, and plaintiff sued to recover the $200 advance payment and damages due to his having been compelled to pay a larger price for the bottles in the open market. The plaintiff was a resident of Hamilton, Ontario, and the defendant of Oakland county in this State. The issues of fact were submitted to the jury, who found for the plaintiff, but a judgment was subsequently entered for defendant under the statute (3 Comp. Laws 1915, § 14568). This action was taken because plaintiff had failed to file the certificate showing the real names of the persons conducting or transacting business under the assumed name of the Hamilton Bottle Exchange, as required by 2 Comp. Laws 1915, § 6349.

Had the plaintiff been engaged in business in this State or the transaction been an intrastate one, this action would seem to have been justified under the decisions of this court. *Cashin* v. *Pliter,* 168 Mich. 386 (Ann. Cas. 1913C, 697); *Maurer* v. *Greening Nursery Co.,* 199 Mich. 522; *Furstman* v. *Frank,* 206 Mich. 619.

It appears, however, by the terms of the contract and the proofs submitted that the cars were to be shipped to plaintiff in a foreign country with a draft attached to each bill of lading, payable before delivery of the shipment to him. The transaction was therefore in foreign commerce and subject to the regulation of congress under paragraph 3 of section 8 of article 1 of the Constitution of the United States, which reads as follows:

"The Congress shall have Power   *   *   *
"To regulate Commerce with Foreign Nations, and among the several States, and with the Indian Tribes."

This section has been recently considered by the Supreme Court of the United States in an opinion handed down December 12, 1921, in *Dahnke-Walker Milling Co.* v. *Bondurant,* U. S. Adv. Ops. 1921-22, 114 (42 Sup. Ct. 106). The plaintiff, a Tennessee corporation, sued to recover damages from the defendant, a resident of Kentucky, for breach of a contract to deliver wheat. The defense interposed was that plaintiff had not complied with a statute of Kentucky (Ky. Stat. 1915, § 571) prescribing the conditions on which corporations of other States might do business in that State. The opinion is so squarely decisive of the question here presented that we quote from it at considerable length:

"The commerce clause of the Constitution, article 1, § 8, cl. 3, expressly commits to congress and impliedly withholds from the several States the power to regulate commerce among the latter. Such com-

merce is not confined to transportation from one State to another, but comprehends all commercial intercourse between different States and all the component parts of that intercourse. Where goods in one State are transported into another for purposes of sale the commerce does not end with the transportation, but embraces as well the sale of the goods after they reach their destination and while they are in the original packages. *Brown* v. *Maryland,* 12 Wheat. (U. S.) 419, 446, 447; *American Steel & Wire Co.* v. *Speed,* 192 U. S. 500, 519 (24 Sup. Ct. 365). On the same principle, where goods are purchased in one State for transportation to another the commerce includes the purchase quite as much as it does the transportation. *American Express Co.* v. *Iowa,* 196 U. S. 133, 143 (25 Sup. Ct. 182). This has been recognized in many decisions construing the commerce clause. Thus it was said in *Welton* v. *Missouri,* 91 U. S. 275, 280:

" 'Commerce is a term of the largest import. It comprehends intercourse for the purposes of trade in any and all its forms, including the transportation, purchase, sale, and exchange of commodities.'

"In *Kidd* v. *Pearson,* 128 U. S. 1, 20 (9 Sup. Ct. 6), it was tersely said:

" 'Buying and selling and the transportation incidental thereto constitute commerce.'

"In *United States* v. *E. C. Knight Co.,* 156 U. S. 1, 13 (15 Sup. Ct. 249), 'contracts to buy, sell, or exchange goods to be transported among the several States' were declared 'part of interstate trade or commerce.' And in *Addyston Pipe & Steel Co.* v. *United States,* 175 U. S. 211, 241 (20 Sup. Ct. 96), the court referred to the prior decisions as establishing that

" 'interstate commerce consists of intercourse and traffic between the citizens or inhabitants of different States, and includes not only the transportation of persons and property and the navigation of public waters for that purpose, but also the purchase, sale, and exchange of commodities.'

"In no case has the court made any distinction between buying and selling or between buying for transportation to another State and transporting for sale

in another State.    Quite to the contrary, the import of the decisions has been that if the transportation was incidental to buying or selling it was not material whether it came first or last.

"A corporation of one State may go into another, without obtaining the leave or license of the latter, for all the legitimate purposes of such commerce; and any statute of the latter State which obstructs or lays a burden on the exercise of this privilege is void under the commerce clause.    *Crutcher* v. *Kentucky,* 141 U. S. 47, 57 (11 Sup. Ct. 851) ; *Western Union Telegraph Co.* v. *Kansas,* 216 U. S. 1, 27 (30 Sup. Ct. 190) ; *International Text Book Co.* v. *Pigg,* 217 U. S. 91, 112 (30 Sup. Ct. 481, 27 L. R. A. [N. S.] 493, 18 Ann. Cas. 1103) ; *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197 (35 Sup. Ct. 57)."

Under the constitutional provision, what was there said will apply with equal force to a transaction in foreign commerce.

The judgment entered is reversed and, it appearing that there are no assignments of error on the part of the defendant in the record, as permitted by section 6 of Circuit Court Rule No. 66, the trial court is ordered to enter a judgment for the plaintiff in accordance with the verdict of the jury as rendered.

The plaintiff will recover costs.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE. and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.