# Richmond.

## D. HUMPHREYS AND SON, INCORPORATED *v.*
## T. G. BROUGHTON.

### March 1, 1928.

1. BILLS, NOTES AND CHECKS—*Action on Note—Note of Officer of Corporation to Himself—Case at Bar.*—Plaintiff was secretary and treasurer of defendant corporation. The business of the corporation was that of an ordinary insurance agent. In May, 1924, plaintiff was discovered to be short in his accounts and entered into an agreement to resign as secretary and treasurer of the corporation and convey his stock to the president of the corporation in consideration of the president paying the shortage which plaintiff was unable to pay. In 1926 plaintiff brought suit against the corporation on a note of the corporation for $1,200.00, dated December 13, 1923, payable on the 31st day of December, 1924, to plaintiff. The note was signed in the corporate name by plaintiff as secretary and treasurer.

   *Held:* That the note was not void or invalid, but, it being a personal obligation to plaintiff and signed by him as secretary and treasurer of the corporation, it did not become evidence of the indebtedness until he had proven his authority to incur the debt for the corporation, or had proven that the amount thereof was used for the benefit of the corporation.

2. CORPORATIONS—*Power to Borrow Money—Power of Directors.*—Corporations organized for profit under the law in America possess power to borrow money by implication and so far as necessary to effectuate its legitimate purposes, except where it is prohibited. The directors of the corporation who are agents for the company, wielding its entire powers in the transaction of its business and in the ordinary administration of its affairs, impliedly possess this power.

3. CORPORATIONS—*Power to Borrow Money—Ministerial Officers—Proof of Power.*—The power of the ministerial officers of a corporation to borrow money for the corporation, outside of the regular and ordinary business which a company transacts from day to day, will not be presumed, but must be proven. But it may be proved by circumstances, just as the power of the agents of corporations and of individuals may be generally proved. It is not necessary to produce an official record of the proceedings of the directors conferring the power.

4. CORPORATIONS—*Treasurer—Powers—Borrowing Money and Giving Notes —Usage.*—The treasurer of a corporation has no power, merely by reason of his office as treasurer, to contract for the corporation. But if the treasurer is accustomed to act as the managing agent of the corporation he can sell its property and borrow money and give notes for same. The treasurer has no inherent power to sign or endorse corporate notes but long usage may constitute such authority.

5. CORPORATIONS—*Officers of Corporation—Authority of Officers to Borrow Money and Sign Notes—Treasurer—Usage.*—The rule of law that the power of a treasurer of a corporation to borrow money for the corporation may be implied from usage applies to third persons, who may, from the circumstances of holding out or course of business dealing, presume that the officer has authority to borrow money and give notes for the same. But it does not apply to presons who have notice of the officer's want of authority. Neither does it have any application in a case where the paper on its face imports notice that it is issued for the personal benefit of the treasurer, as where it is made payable to himself individually.

6. CORPORATIONS—*Officer of Corporation Executing Note of Corporation Payable to Himself—Negotiability of Note—Case at Bar.*—The instant case was an action upon a note of a corporation to plaintiff for $1,200.00. Plaintiff was secretary and treasurer of the corporation, whose business was that of an ordinary insurance agent. The note was signed in the corporate name by plaintiff as secretary and treasurer and was payable to himself as an individual.

   *Held:* That the note was not negotiable because payable to plaintiff, and any purchaser thereof would take it with knowledge of its infirmity.

7. CORPORATIONS—*Note of Corporation Payable to Officer—Proof of Authority of Officer—Case at Bar.*—The instant case was an action upon a note of a corporation to plaintiff for $1,200.00. Plaintiff was secretary and treasurer of the corporation, whose business was that of an ordinary insurance agent. The note was signed in the corporate name by plaintiff as secretary and treasurer and was payable to himself as an individual. Plaintiff knew that the by-laws of the corporation conferred authority upon the president to borrow money and execute contracts therefor. But he claimed that he managed all the finances of the corporation, and that the president told him to get this money as best he could. The president denied this statement and the books of the corporation, kept by plaintiff, contained no record of this $1,200.00 note.

   *Held:* That it would be contrary to reason and sound legal principles to permit plaintiff to prove his authority to borrow money from himself and execute a note for the same by his uncorroborated statement.

8.  AGENCY—*Scope of Authority—Proof.*—An agent cannot prove the scope of his agency by his own declaration.

9.  CORPORATIONS—*Officers and Agents—Agent Borrowing Money for Corporation—Estoppel—Corporation Getting Benefit of the Money.*—Where an agent assumes to borrow money for a corporation and executes its note for same, and the corporation gets the benefit of said money by its application to the payment of its just obligations it is estopped to deny the agent's authority.

10. CORPORATIONS—*Officers and Agents—Agent Borrowing Money for Corporation—Corporation Getting Benefit of the Money—Agent Borrowing from Himself for Corporation—Case at Bar.*—In the instant case plaintiff, the secretary and treasurer of a corporation, brought his action against the corporation on a note signed in the corporate name by plaintiff as secretary and treasurer payable to plaintiff. Plaintiff deposited in bank and checked out all the funds of the corporation and the premiums collected for its various clients. He proved that on the day the note was executed he deposited the amount of the note in large currency to defendant's account.

    *Held:* That this did not prove that the money was applied to the payment of the just obligations of the corporation, as plaintiff checked the money out, and how he applied it did not appear. The money was just as much under his control as it was before he deposited it. The burden was upon plaintiff to show the application of the money to the just obligations of the corporation.

11. CORPORATIONS—*Officers and Agents—Treasurer of Corporation Executing a Note of Corporation Payable to Himself—Case at Bar.*—The instant case was an action on a note. Plaintiff was secretary and treasurer of the defendant corporation and the note was signed in the corporate name by plaintiff as secretary and treasurer payable to himself. Plaintiff failed to prove any authority to borrow money from himself and execute the note of the corporation for the same, or that said money was used to pay the just obligations of the corporation.

    *Held:* That there was no evidence to sustain a verdict for plaintiff, and that the appellate court would set aside the verdict and judgment for plaintiff and by virtue of section 6365 of the Code of 1919 enter judgment for the defendant.

Error to a judgment of the Court of Law and Chancery of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Venable, Miller, Pilcher & Parsons*, for the plaintiff in error.

*Bernard P. Holland, Jr.*, for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

D. Humphreys and Son, Incorporated, is an insurance agency doing business in the city of Norfolk. About 1913, T. G. Broughton was elected secretary and treasurer and put in charge of the business of the incorporated agency. He also became a stockholder. A. C. Humphreys is president of the corporation and occupied an adjoining office to that in which the corporation did business.

The business of the corporation was that of the ordinary insurance agent—to write insurance for companies that it represented—collect the premiums for such insurance—and after deducting its commissions for services remit the balance to its principal.

It appears from the record that in the early part of 1924 Broughton was discovered to be short in his accounts. He had collected premiums during the months of February, March and April, 1924, aggregating $2,600.00 for the Globe and Rutgers Fire Insurance Company which he had not paid over, and said insurance company was pressing him and D. Humphreys and Son, Incorporated, for payment, which neither he nor his company were able to make.

In this state of affairs, on the 9th day of May, 1924, Broughton entered into an agreement under seal with A. C. Humphreys whereby said Broughton agreed to resign as secretary and treasurer of D. Humphreys and

Son, Incorporated, and convey his stock in said corporation to said A. C. Humphreys in consideration that said Humphreys would pay the $2,600.00 due the Globe and Rutgers Insurance Company by Broughton and which he was unable to pay.

On the 3rd day of July, 1926, T. C. Broughton filed his notice of motion in the clerk's office of the Court of Law and Chancery of Norfolk against D. Humphreys and Son, Incorporated, to recover judgment for $1,200.00 with interest and costs of collection. There was a trial by jury which rendered the following verdict: "We, the jury, find for the plaintiff for the sum of twelve hundred dollars ($1,200.00) with interest from December 31, 1924, until paid and attorney's fees amounting to one hundred and twenty dollars ($120.00).

Whereupon the defendant moved the court to set aside the verdict of the jury and grant a new trial on the grounds that the verdict is contrary to the law and the evidence. This motion was overruled and the court entered judgment on said verdict against the defendant.

The defendant seeks here the reversal of said judgment for various alleged errors, set out in its petition for this writ of error, but in reality they resolve themselves into the single proposition of law, does the evidence support the verdict of the jury?

Upon the trial of the case the plaintiff introduced the note as evidence of the indebtedness of the defendant to him. The note is in the following words and figures:

"$1,200.00

"Norfolk, Va., Dec. 13, 1923.

"Dec. 31/24 days after date we promise to pay to the order of T. G. Broughton negotiable and payable, without offset, at the National Bank of Commerce of Norfolk, Norfolk, Virginia, twelve hundred dollars

for value received, with costs of collection, including an attorney's fee not exceeding ten per cent, if incurred, if payment is not made at maturity, and we, maker or makers, endorser or endorsers, hereby waive the benefit of our homestead exemption as to the debt, and waive presentment, demand, protest and notice of dishonor.

"D. HUMPHREYS & SON, INC.
"T. G. BROUGHTON, Secy-Treas."

The defendant objected to the introduction of said note as evidence on the ground that it was made payable to T. G. Broughton and by him signed as secretary and treasurer of the defendant corporation, without authority from the board of directors or any person or persons with authority to authorize the said T. G. Broughton to execute negotiable paper.  The court overruled the defendant's objection, but apparently required the plaintiff to prove his authority to borrow money for the corporation; which if he had, he had authority to execute the note as evidence of the loan.   In this ruling there was no error.

[1] The note was not void or invalid, but being a personal obligation to Broughton and signed by him as secretary and treasurer of the corporation it did not become evidence of the indebtedness until he had proven his authority to incur the debt for the corporation, or had proven that the amount thereof had been used for the benefit of the corporation.

[2] The law on this subject in this country is now well settled.  "Corporations organized for profit under the law in America possess power to borrow money by implication and so far as necessary to effectuate its legitimate purposes, except where it is prohibited— then the directors who are agents for the company, wielding its entire powers in the transaction of its

business and in the ordinary administration of its affairs, impliedly possess this power.

[3] "Descending to ministerial officers, it seems that, outside of the regular and ordinary business which a company transacts from day to day, the power will not be presumed, but ought to be proved. But here again it may be proved by circumstances, just as the power of the agents of corporations and of individuals may be generally proved. It is not necessary to produce an official record of the proceedings of the directors conferring the power." Thompson on Corporations, section 5706.

[4] The treasurer of a corporation has no power, merely by reason of his office as treasurer, to contract for the corporation. But if the treasurer is accustomed to act as the managing agent of the corporation he can sell its property and borrow money and give notes for same. Cook on Corporations (3rd ed.) section 717. The treasurer has no inherent power to sign and endorse corporate notes, but long usage may constitute such authority. *Page* v. *Fall River, etc., R. R.* (C. C.), 31 Fed. Rep. 257.

The case of *Taylor* v. *Sutherlin-Meade Tobacco Co.*, 107 Va. 787-791, 60 S. E. 132, 14 L. R. A. (N. S.) 1135, states the law of this State in reference to the authority and power of ministerial agents which is in accord with the general rule above mentioned.

[5] The above rule of law applies to third persons, who may, from the circumstances of holding out or course of business dealing, presume that the officer has authority to borrow money and give notes for the same. But it does not apply to persons who have notice of the officer's want of authority. Neither does it have any application in a case where the paper on its face imports notice that it is issued for the personal

benefit of the treasurer, as where it is made payable to himself individually. *Chemical Nat. Bank* v. *Wagner* (Ky.), 20 S. W. Rep. 535, 40 Am. St. Rep. 206.

[6] The note in this case was not negotiable because payable to Broughton, and any purchaser thereof would take it with knowledge of its infirmity.

[7, 8] Broughton knew that the by-laws of the corporation conferred authority upon the president to borrow money and execute contracts therefor. But he claimed that he managed all the finances of the corporation, and that he told A. C. Humphreys, president, that the corporation needed this money and he told him to get it the best way he could. Humphreys denied this statement and the books of the corporation, kept by Broughton, contained no record of this $1,200.00 note. It would be contrary to reason and sound legal principles to permit Broughton to prove his authority to borrow money from himself and execute a note for the same by his own uncorroborated statement. It would allow an agent to prove the scope of his agency by his own declaration.

[9] While Broughton did not have authority to execute the note sued upon, yet there is a principle of justice and equity that where an agent assumes to borrow money for a corporation and executes its note for same, and the corporation gets the benefit of said money by its application to the payment of its just obligations, it is estopped to deny his authority.

The above is the principle on which the cases of *In re Eastman Oil Company* (D. C.), 238 Fed. 416, and *Fitzgerald & Mallory Construction Co.* v. *Fitzgerald*, 137 U. S. 109, 11 S. Ct. 36, 34 L. Ed. 608, 613, were decided.

[10] Broughton deposited in bank and checked out all the funds of the corporation and the premiums collected for its various clients. He proved that he deposited in the National Bank of Commerce on the

13th day of December, 1923, $1,200.00 in large currency. This does not prove that said money was applied to the payment of the just obligations or debts of D. Humphreys & Son, Incorporated. Broughton checked the money out—how he applied it does not appear—he might have applied it to pay insurance companies their premiums which he had collected and used improperly. This deposit in the bank does not meet the requirements of the law, as laid down in the *Fitzgerald Case, supra.*

The money was just as much under his control as it was before he deposited it. To bring the case within the rule of law under discussion the burden is upon him to show its application to the just obligations of the corporation. This rule of law was invoked in a case in Massachusetts where a treasurer had borrowed money from a third person; the court held the treasurer had no power to borrow money and give the corporate note therefor, and the company is not liable where the money was paid into the corporate treasury and immediately embezzled by the treasurer. *Craft* v. *South Boston R. R.,* 150 Mass. 207, 22 N. E. Rep. 920, 5 L. R. A. 641.

[11] The plaintiff having failed to prove any authority to borrow money from himself and execute the note of the corporation for the same, or that said money was used to pay the just obligations of the corporation, there is no evidence to sustain the verdict of the jury, and this court will set aside the verdict and judgment, and by virtue of section 6365 Virginia Code enter judgment for the defendant.

*Reversed.*