J. POPPERMAN, Appellant,

v.

REST HAVEN CEMETERY, INC., et al.,
Appellees.

No. 3804.

Court of Civil Appeals of Texas.

Waco.

Nov. 23, 1960.

Rehearing Denied Dec. 15, 1960.

Ranseler O. Wyatt, J. Leonard Gotsdiner, Houston, for appellant.

Hamblen & Hamblen, W. P. Hamblen, Jr., Kennerly, Lesher & Eresch, A. C. Lesher, Jr., Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from an instructed verdict and judgment that plaintiff take nothing. Plaintiff Popperman brought this suit on two notes against defendants Rest Haven Cemetery, a dissolved corporation, and the former stockholders thereof.

Plaintiff alleged that the corporation executed two notes in his favor, for services performed in the past, and as reimbursement for loans advanced to the corporation. Such notes were signed Rest Haven Cemetery, Inc., By H. J. Hebert, Vice President. Attest: L. R. Jamail, Secretary.

Trial was before a jury. At the close of the plaintiff's case, defendants made motion for instructed verdict, which was granted by the Trial Court, and which thereafter entered a judgment that plaintiff take nothing. Plaintiff made motion for new trial which was overruled.

Plaintiff appeals, contending that the Trial Court erred in not admitting evidence that H. J. Hebert was appointed a member of the Board of Directors; had acted as a member of the Board of Directors for several years with knowledge and consent of the other Directors; and was a de facto officer of the Corporation on the date the notes were executed.

The defendants contend that the Trial Court correctly sustained motion for instructed verdict, it having become conclusively evident that the notes in question were not executed upon authority of, or as the valid act and deed of defendant Rest Haven Cemetery, Inc., a Corporation.

The record before us reflects that at the time of the execution of the two notes, plaintiff Popperman was the President and a Director of the defendant corporation; owned all of the shares of the stock of defendant corporation except 1 share which was transferred to L. R. Jamail; and that H. J. Hebert did not own any stock in the cemetery corporation. The by-laws of the corporation provided that stock ownership was required in order to qualify as a director.

The notes 1) representing reimbursement for alleged advances by plaintiff; and 2) for alleged services performed in the past, depended for authority on a resolution voted on by plaintiff (owner of 999 out of 1,000 shares of the corporation's stock); and by Jamail who owned 1 share of stock; and by Hebert who had been installed as a director but who owned no stock whatsoever. The corporation had passed into the hands of the defendants subsequent to the execution of the notes made the basis of plaintiff's suit.

■ A director is not absolutely disqualified from dealing with a corporation but, in order that such a transaction may be authorized or ratified on behalf of the corporation, there must be, first, a sufficient number of disinterested directors present to form a quorum of the board, and second, an approving vote of a majority of the disinterested quorum. San Antonio St. Ry. v. Adams, 87 Tex. 125, 26 S.W. 1040; 10B Tex.Jur., Sec. 354, p. 378, citing many cases; 14 Tex.Jur.2d Sec. 298, p. 396.

■ Further, a director receiving benefits from a corporation must prove, independent of the proof of the instrument in question, the fairness of the transaction, the benefits of the corporation, together with the authority upon which the matter was transacted and the authority for the payment or benefit to him. See Rolling Inn, Inc. v. Iula, 212 Md. 596, 130 A.2d 758; Saunders v. Russell's, Inc., 173 Va. 125, 3 S.E.2d 193; Humphreys & Son, Inc. v. Broughton, 149 Va. 789, 141 S.E. 764.

■ The director Hebert owned no stock in the corporation. It is contended by appellant that he was a de facto director. Hebert owned no stock as required by the by-laws of the corporation. A de facto authority cannot arise where the election or tenure is absolutely void and not merely irregular or informal.

■ Plaintiff failed to carry the burden of showing fairness of the transaction surrounding the execution of the notes, and the benefits inuring to the corporation, separate and apart from the notes themselves. It is conclusively shown that plaintiff participated in authorizing the execution of the notes; that Hebert was not a stockholder and could not be a director; and that Hebert could not be a de facto director in so far as plaintiff was concerned. We think the Trial Court's action in granting the instructed verdict and judgment that plaintiff take nothing correct. Under the record before us, it is immaterial that Hebert may have been appointed a director and purported to serve as such. He was not a director and as to plaintiff could not be a de facto director. See also Fite v. First Nat. Bank, Tex.Civ.App., 279 S.W. 581, n. w. h.

Plaintiff's contentions are overruled and the judgment of the Trial Court is affirmed.