## CIRCUIT COURT OF SCOTT COUNTY

Jack A. Helms

    v.

Condor Coal, Inc., and
Big Valley Mining, Inc.

    v.

Tomie F. Osborne

October 17, 1984

Case No. (Law) 1409

By JUDGE S. W. COLEMAN, III

    In the above styled law action the plaintiff seeks to recover judgment against either or both defendants based upon a $15,000.00 promissory note which purports to have been executed on behalf of both corporations by Tomie F. Osborne, Secretary/Treasurer of both Condor Coal, Inc., and Big Valley Mining, Inc. A third party motion for judgment was filed by both Condor Coal and Big Valley Mining against Tomie F. Osborne seeking to recover for any judgment which the plaintiff, Jack A. Helms, might be awarded. By agreement the parties submitted all issues of fact and law to the court sitting without a jury.

    The defendants, Condor Coal and Big Valley Mining, contend that neither is liable on the promissory note because the same was executed by an officer or agent of the corporations who had no authority to do so, or, in the alternative, only Big Valley Mining should be held liable to Mr. Helms because Condor Coal did not

receive or benefit from any of the monies paid in that the funds were used solely to meet a payroll of Big Valley Mining. As to the third party motion for judgment, the third party plaintiffs contend that should any liability exist as to either or both, then such liability should be passed through to Tomie F. Osborne personally for incurring a debt without authority to do so on behalf of whichever may be deemed liable.

The specific facts, which are well known to counsel and set forth in their memoranda, require no reiteration as to all the details. For purposes of the court's analysis it is sufficient to note that Tomie F. Osborne was the Secretary/Treasurer, a director, and one of two stockholders of both Condor Coal and Big Valley Mining. Mr. Richard Boardwine was the only other stockholder and director of both corporations and was the president and only other officer of both. On October 1, 1982, Tomie F. Osborne negotiated a loan from Jack A. Helms in the amount of $15,000.00 for which he executed a promissory note as evidence of the indebtedness in the name of "Condor Coal Corp./Big Valley, Inc. Tomie F. Osborne, Secretary/Treasurer." Mr. Helms delivered to Tomie F. Osborne his personal check in the amount of $15,000.00 made payable to Tomie F. Osborne personally. It is undisputed that Mr. Osborne cashed the check and applied $2,000.00 to the payment of overdrafts in his personal account and delivered the balance of $13,000.00 to Mr. Boardwine, which he applied to meet the payroll of Big Valley Mining, Inc. Mr. Boardwine was aware that Mr. Osborne had taken off from work that day to secure funds to meet the corporate obligations but was not aware of the source of the funds. On prior occasions Mr. Boardwine had advanced or loaned the corporations money from personal funds or businesses owned by him and had repaid such sums from corporate funds as available. Apparently, Mr. Osborne had done likewise but not to the extent of Boardwine. Article V of the by-laws of both corporations contain provisions that no loans shall be contracted on behalf of the corporation and no evidences of indebtedness shall be issued in its name unless authorized by a resolution of the directors. From their inception neither corporation conducted formal business meetings or held either stockholders' or directors' meetings, or formally operated as a corporation. There was no evidence that either corporation ever took action through the formal acts of its

board of directors; in fact, all evidence suggested that both corporations acted through actions taken by Mr. Osborne or Mr. Boardwine individually without prior or subsequent approval of the board of directors in formal meeting.

Resolution of the issues presented to the court will be governed by the laws of agency and corporation. The defendants contend that in order for either or both to be found liable on the promissory note that Tomie F. Osborne must have had actual, implied or apparent authority to act as an agent to bind his principal corporation. With this proposition the court agrees and will undertake to determine whether Tomie F. Osborne was clothed with authority to bind either or both Condor Coal or Big Valley Mining.

As to whether Tomie F. Osborne, as an officer or director of the corporations, had actual authority to incur an indebtedness on behalf of his principal, legal principles governing corporations will control. The traditional rule provides:

> Corporations organized for profit under the law in America possess power to borrow money by implication and so far as necessary to effectuate its legitimate purposes except where it is prohibited -- then the directors who are agents for the company, wielding its entire powers in the transaction of its business and in the ordinary administration of its affairs impliedly possess this power.
>
> Descending to ministerial officers, it seems that, outside of the regular and ordinary business which a company transacts from day to day, the power will not be presumed, but ought to be proved. But here again it may be proved by circumstances, just as the power of the agents of corporations and of individuals may be generally proved. It is not necessary to produce an official record of the proceedings of the directors conferring the power. . .
>
> The treasurer of a corporation has no power, merely by reason of his office as treasur-

er to contract for the corporation. *Humphreys v. Broughton*, 149 Va. 789, 141 S.E. 764, 765-6 (1928).

Thus, on basic principles governing corporations the secretary/treasurer would not be empowered to incur an indebtedness on behalf of his principal and issue a promissory note as evidence thereof for a transaction of the type here involved, since such was "outside of the regular and ordinary business which a company transacts from day to day." Additionally, Article V of the by-laws specifically prohibited the incurring of such an indebtedness and issuance of evidence thereof except upon resolution by the board of directors.

The plaintiff and third party defendant contend, however, that a different rule applies to close corporations which elect to function in a manner contrary to their own by-laws and in disregard of the legal principles governing the scope of the agent's authority. Citing language from *Moore v. Aetna Cas., etc., Co.*, 155 Va. 556, 568, 155 S.E. 707 (1930), the Supreme Court said in *Paramount v. Abramson*, 183 Va. 922, 929 (1945):

> It is perfectly well settled, however, that where there is a close corporation such as this one, in which the stockholders of the corporation themselves ignore the by-laws and conduct its business differently, that rule does not apply. . . . We cannot close our eyes to the fact that there are so-called corporations which for all practical purposes, when they do business, cannot be reached at all if we are not permitted to treat the only known or accessible embodiment in any other way than according to the character the manager may see fit for the occasion to assume. He is possessed of full authority to talk and act when there is anything to be gained, but he is not the proper man to talk or act when there is anything to be lost; and yet the principal, for all practical purposes, if not often in reality, is represented in no other way except by a name, so that a species of legerdemain is carried on, "Now you see it and now you don't."

As to whether either or both Condor Coal and Big Valley Mining have conducted their affairs as close corporations in a manner sufficient to bring them within the established exception and clothe Tomie F. Osborne with actual authority to incur indebtedness and bind his principals necessitates an examination of the corporate organization of both companies and the manner in which their business has been conducted. As previously noted, Mr. Osborne and Mr. Boardwine were the only two stockholders, directors or officers of both corporations. Except for their original organizational meeting, there were never any formal meetings of the directors or stockholders, no resolutions, no records or minutes of corporate business, no delegation of authority to the various officers nor any formal conducting of business in the manner of a corporation in its traditional sense. For all practical purposes, both corporations operated as partnerships between Mr. Boardwine and Mr. Osborne, each of them assuming whatever authority appeared necessary to conduct the continued operation of their businesses. The two paid themselves salary or distributed profits as funds were available without established policy or resolution by the directors. It appears that both corporations contracted to mine coal for Pittston Coal Company but there was not even any evidence introduced or suggesting that a formal resolution was passed approving the contract, which was the primary business of both companies. Both Mr. Boardwine and Mr. Osborne loaned personal monies to the corporations without approval by resolution of the board of directors and both repaid such loans by withdrawing available funds without approval by corporate resolution. It would appear that at times Mr. Boardwine made such loans from other business entities owned by him.

Despite the method by which these close corporations conducted their business affairs, the defendants, Condor Coal and Big Valley Mining, place great emphasis on the fact that at no time did either corporation or the officers of either corporation make loans from or execute evidence of indebtedness to third parties. They argue that such distinction is critical and should not be considered sufficient to clothe the officer or agent of the corporation with the broad general authority to contract indebtedness with third parties. Such argument

is not persuasive. A close corporation, which in all its other dealings elects to function in a manner contrary to its by-laws, should not be permitted, at its election to hide behind the rules which it has elected to disregard. Why should Condor Coal or Big Valley Mining be permitted to function in a manner disregarding its by-laws in transactions with third parties, such as Pittston Coal, or transactions with individuals who happen to be its officers, directors and stockholders but hide behind such rules in a transaction with Jack A. Helms, who appears to have acted in good faith? Additionally, it should be noted that at least Big Valley Mining admittedly received and used for corporate purposes $13,000.00 of the funds. Mr. Boardwine, who is now the sole owner of both corporations, not Mr. Osborne, elected how those funds would be applied. The defendants have offered no persuasive theory to suggest that at least one of the corporations should not be required to repay the funds received; however, they continue to argue that they are liable to no one because their officer and director did not have authority by corporate resolution to make the loan, even though the money was received and utilized. There is nothing in the record to suggest that there is any consequence as to whether either or both corporations would be indebted to repay Tomie Osborne or Jack Helms for the monies admittedly received. Certainly circumstances might exist in which a loan from and promissory note to a corporate officer or director would be treated differently from a loan from a third party, but no situation appears so effected in the case at bar. A note to a corporate officer may be nonnegotiable (*Humphreys v. Broughton, supra*) or may be subject to set off or claims by the corporation against the officer or director, but the record fails to suggest that such is of any significance here. Even though Mr. Boardwine subsequently acquired all stock in both corporations, there was no showing that the transaction was predicated upon any consideration involving the promissory note to Helms or $13,000.00 paid by Osborne, regardless of whether the funds came from Tomie F. Osborne or Jack A. Helms.

For the foregoing reasons, it is the opinion of the court that both Condor Coal and Big Valley Mining conducted their business as close corporations functioning in a manner contrary to their by-laws as to both third parties and as to their own officers and directors, and

as such empowered Tomie F. Osborne with actual authority to act as their agent in the negotiating of the loan and issuing the evidence of indebtedness to Jack A. Helms. Clothed with actual authority to bind his principals, Tomie F. Osborne could and did obligate both Condor Coal, Inc., and Big Mining Valley, Inc., for the indebtedness. It is of no consequence that Big Valley Mining, at the election of Mr. Boardwine, was the recipient of the major benefit of the funds. The agent had the authority to obligate both corporations. Thus, judgment shall be awarded to Jack A. Helms against Condor Coal, Inc., and Big Valley Mining, Inc., in the amount of $15,000.00 with interest at the rate of eighteen per cent per annum from October 1, 1982, until paid and twenty-five per cent attorney's fees and five per cent late charges together with his costs herein incurred, as provided in the note.

In light of the foregoing conclusions, it becomes unnecessary to address the propositions of either implied or apparent authority However, assuming *arguendo* that no actual authority existed, I am of the opinion that the doctrines of implied authority and estoppel *in pais* would preclude both corporations from denying the authority of Tomie F. Osborne to negotiate the loan and issue the evidence of indebtedness after having received the funds and benefits therefrom. The doctrine of implied authority and estoppel are much akin both being based upon the implication of authority from a given set of circumstances or course of dealing. The court feels it significant to comment upon implied authority and the doctrine of estoppel fully to understand the distinction drawn in its prior finding of actual authority. Implied authority could exist from either the mere fact of having received the benefit of the transaction and being estopped from denying the existence of the agent's authority, although in all other transactions the corporation may have acted in accordance with its by-laws; while the finding of actual authority must be predicated upon the existence of a close corporation conducting its general business affairs in a manner contrary to corporate structure. Such distinction would be significant because if actual authority did not exist, I am of the opinion that the acceptance of the monies and use for corporate purposes would estop the defendants from denying that Tomie F. Osborne had authority to act as agent binding his principals. As to the defendants contention that implied authori-

ty would be applicable only to bind Big Valley Mining as to the amount of $13,000.00 the court disagrees. The intermingling of corporate assets, joint use of employees and equipment, and identity of stockholders, officers and directors, combined with the manner of doing business would make it unconscionable to permit Condor Coal to receive the direct and indirect benefits of the loan to the detriment of the plaintiff. Admittedly, on the basis of implied authority liability would only be to the extent of $13,000.00 if such were based on the doctrine of estoppel for the benefits actually received by the defendants, but for reasons previously stated, full liability against both defendants is predicated on actual authority.

As to the third party motion for judgment, in order for the third party defendant to be liable he must have breached some duty owed as an agent to his principals upon whose behalf he was acting, which breach of duty was to their detriment. As noted, $13,000.00 of the amount borrowed was delivered to Mr. Boardwine on behalf of the corporations and used for corporate purposes as he elected. The corporations received the full benefit of $13,000.00 of the loan. Tomie F. Osborne appropriated $2,000.00 of the funds to his personal use for payment of overdrafts in his personal account. Osborne contends that such overdrafts existed because of personal payments he made for corporate purposes; however, he failed to offer adequate proof of such and did not file a third party counter-claim against the corporations that they were indebted to him personally. Accordingly, based on the proof and pleadings, the court is of the opinion that Tomie F. Osborne is indebted to both third party plaintiffs in the amount of $2,000.00 plus damages caused for his misappropriation of such corporate funds for personal use. Damages incurred by the third party plaintiffs consist of the interest, attorney's fees and proportionate share of fees and costs that the defendants are required to pay the plaintiff on such $2,000.00 sum. Judgment shall be entered accordingly on the third party motion for judgment.